DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the Medina County Child Support Enforcement Agency (the "MCCSEA"), appeals from the order of the Medina County Court of Common Pleas, Domestic Relations Division. We reverse and remand
 I. {¶ 2} Plaintiff Virginia Boyer, n.k.a. Martin ("Virginia"), and Appellee, Mark Boyer ("Mark"), were married on June 12, 1960. Virginia filed a complaint for divorce on June 7, 1990. Mark also filed an answer and counterclaim for divorce, on grounds of incompatibility. During the pendency of the divorce proceedings, a magistrate issued a recommendation that Mark pay temporary sustenance alimony of $300.00 per week effective November 6, 1990, payable through the MCCSEA.
 {¶ 3} On November 20, 1990, Mark filed objections to the magistrate's recommendation and requested a hearing on the matter. A hearing was held, pursuant to which the magistrate recommended that the temporary alimony remain in effect. Mark filed objections to this recommendation, as well. On April 29, 1991, the trial court ordered the alimony award to remain in effect. On August 30, 1991, the court overruled Mark's objections and ordered that the court's previous order requiring Mark to pay $300.00 in temporary sustenance alimony to remain in full force and effect during the pendency of the action.
 {¶ 4} Thereafter, Mark withdrew his answer and counterclaim, and the parties submitted a proposed agreed judgment entry regarding all issues before the court. Another hearing was held before the magistrate, who subsequently recommended that the agreement be approved and adopted by the court. On July 1, 1992, the trial court issued a final divorce decree judgment entry. In the decree, the court found that the parties had been living separately without cohabitation for one year, and for this reason granted Virginia and Mark a divorce. The court also noted that Virginia and Mark agreed that "neither party shall pay further spousal support to the other and that each waives any claim he or she may have to said support."
 {¶ 5} Additionally, the court incorporated into the decree Virginia and Mark's agreement which the court found to be fair, just, and equitable. The agreement allocated and disposed of Virginia and Mark's property and resolved other spousal support issues. In particular, the agreement acknowledged that Mark paid Virginia the sum of $3,000.00 toward spousal support arrearages on record with the MCCSEA. The agreement also noted that this payment reduced the remaining balance due to a lump sum judgment in the amount of $22,600.00, i.e., $25,600.00 less the $3,000.00 paid by Mark in open court. The court ordered Mark to pay Virginia an additional sum of $3,000.00 by July 1, 1993, in which event the lump sum judgment would be reduced to zero.
 {¶ 6} At the time of the proceedings, there were no minor children born issue of the marriage. It is uncontested that Mark never paid the additional $3,000.00 as set forth in the divorce decree, and Virginia did not execute on the judgment.
 {¶ 7} On October 18, 2001, Virginia moved the trial court to add the MCCSEA as a party; to revive the judgment for lump sum spousal support because Mark had failed to pay the support ordered; to issue an order setting forth the principal and interest due on the arrearages; and to issue an order garnishing Mark's social security benefits. On October 23, 2001, the trial court added the MCCSEA as a third party to the action. On December 21, 2001, Mark filed a motion to dismiss the complaint and to discharge him of the money owed by him.
 {¶ 8} A magistrate held a hearing on Virginia's motion to revive the judgment and to determine principal and interest; Mark did not attend this hearing. In a decision dated February 14, 2002, the magistrate granted Virginia's motion to revive the judgment and set forth total principal and interest in the amount of $44,314.48. On February 25, 2002, Mark filed objections to the magistrate's decision. The trial court held a hearing on Mark's objections. On May 9, 2002, the court issued an order that overruled Mark's objections, adopted the magistrate's decision to revive the dormant judgment, and ordered Mark to pay $22,600.00 plus the interest due, which amounted to a total outstanding balance of $44,314.48.
 {¶ 9} On August 13, 2002, the MCCSEA filed a motion for a hearing to establish periodic payments on the support arrearages and interest ordered by the court. This matter was also heard before a magistrate; once again, Mark did not appear at the hearing. On October 10, 2002, the magistrate issued an order that found that Mark receives $1,160.00 per month in social security benefits, and concluded that Mark should pay $638.40 per month towards his arrearages.
 {¶ 10} On January 8, 2003, Mark filed a motion for reconsideration and a motion to modify the magistrate's October 10, 2002 order. On March 20, 2003, Virginia filed a motion to dismiss Mark's motion to modify. In a decision dated April 10, 2003, a magistrate concluded that Mark's motion for reconsideration of the amount of arrearages should be denied because the matter had already been litigated. The magistrate also determined that Mark's motion for modification as to payment on the lump sum judgment on the arrearages should be denied.
 {¶ 11} On April 22, 2003, Mark filed objections to this decision, asserting that the magistrate incorrectly considered his argument that the money in excess of $20,000.00 was not spousal support. Additionally, Mark filed a Civ.R. 60(B) motion to vacate the divorce decree.
 {¶ 12} On September 25, 2003, a hearing was held on Mark's objections to the magistrate's decision resolving the motion to modify, Mark's Civ.R. 60(B) motion, and Virginia's motion to dismiss. Both Virginia and Mark attended the hearing, but the MCCSEA was not represented at the hearing. On October 31, 2003, the trial court issued an order that overruled Mark's objections but vacated the magistrate's October 10, 2002 decision. The court agreed with the magistrate that the amount of the judgment had been fully litigated; that the arrearages amount was consistent with the amount of the judgment; and that no grounds existed for vacating the judgment, effectively denying Mark's Civ.R. 60(B) motion. However, the court determined that the magistrate lacked the authority to order periodic payments, and ordered the MCCSEA to immediately cease wage withholding. Additionally, the court concluded that the court had not retained jurisdiction to modify the terms of the spousal support pursuant to R.C. 3105.18(E), and thus could not order lump sum payments of the judgment. This appeal followed.
 {¶ 13} The MCCSEA timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court erred and abused its discretion when it denied enforcement of spousal support arrearages, reduced to lump sum judgment, by periodic payments through the MCCSEA."
 {¶ 14} In its sole assignment of error, the MCCSEA contends that the trial court erred and abused its discretion when it disallowed the enforcement of the spousal support arrearages in periodic payments. The MCCSEA asserts that contrary to the trial court's conclusion, the court did have jurisdiction over the enforcement of such installment payments. We agree.
 {¶ 15} When reviewing an appeal from a trial court's disposition of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion.Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. A reviewing court may not merely substitute its judgment for that of the trial court. Perrine v. Perrine (Nov. 20, 1996), 9th Dist. No. 17736. As such, our review is limited to whether, in disposing of the magistrate's decision, "the [trial] court's attitude [was] unreasonable, arbitrary, or unconscionable."State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 106, 107.
 {¶ 16} In this case, the trial court concluded that because the court had not reserved the jurisdiction to modify the spousal support in the divorce decree, the court did not have the authority to establish periodic payments of the support arrearages. The MCCSEA argues that the establishment of periodic payments for the spousal support arrearages does not modify the amount or terms of the spousal support, but merely enables the MCCSEA to enforce the payment of spousal support arrearages. The MCCSEA argues that the court was not required to reserve jurisdiction for the enforcement of these payments for this reason. R.C. 3105.18(E) specifically states:
"* * * [I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
"(1) In the case of a divorce, the decree or separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." R.C. 3105.18(E)(1).
We agree with the MCCSEA's argument. R.C. 3105.18(E) applies to affect only the court's ability to modify the spousal supportaward itself, and not spousal support arrearages later reduced to a lump sum judgment. In the final divorce decree, the court incorporated the parties' agreement that reduced to judgment Mark's outstanding alimony balance. The court did not award the spousal support in the decree; the court had awarded the support prior to the issuance of the divorce decree. Therefore, the court's establishment of periodic payments did not constitute a modification of the spousal support but merely a change in the collection of spousal support arrearages.
 {¶ 17} Pursuant to R.C. 3105.011, the domestic relations division of the court of common pleas "has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." Furthermore, "[t]rial courts retain jurisdiction to enforce the payment of [a lump sum] money judgment and may do so by ordering garnishment, attachment, or execution on the judgment." Young v. Young (Apr. 20, 1994), 2nd Dist. No. 93 CA 10. See, generally, Duncan v. Duncan, 9th Dist. No. 21593, 2004-Ohio-326, at ¶ 12, citing Davis v. Davis
(1983), 12 Ohio App.3d 38, 40 (holding that the trial court has the power to reduce alimony arrearages to a lump sum judgment, which is enforceable, and that a trial court does not abuse its discretion by satisfying that judgment out of the division of marital property). Thus, the court's failure to reserve jurisdiction to modify the spousal support award itself is exclusive of and has no implications for the court's ability to enforce the payment of arrearages. See Young, supra (stating that a "lump sum judgment for arrearage is merely a civil judgment representing money owed").
 {¶ 18} Based upon the foregoing, we find that the trial court abused its discretion when it vacated the magistrate's decision and ordered the MCCSEA to cease withholding portions of Mark's social security benefits. Accordingly, the MCCSEA's sole assignment of error is sustained. We reverse the order of the trial court and remand this case to the trial court for further proceedings consistent with this decision.
 III. {¶ 19} The MCCSEA's sole assignment of error is sustained. The order of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Whitmore, P.J. Slaby, J. Concur.