DECISION AND JUDGMENT ENTRY
{¶ 1} Jennifer K. Lindsey appeals the judgment of the Scioto County Court of Common Pleas, Domestic Relations Division, finding her in contempt of court for failure to timely pay her children's school tuition as required in her divorce decree. On appeal, Jennifer contends that the trial court did not have subject matter jurisdiction over the motion for contempt filed by her former husband, Thomas P. Lindsey. Because the trial court has the inherent authority to enforce its own orders, we disagree. Jennifer next contends that Thomas did not have standing to bring the motion for contempt. Because Thomas had a personal stake in the outcome of the controversy, we disagree. Jennifer finally contends that the trial court abused its discretion when it fashioned its purge conditions to include giving Thomas the full amount of her child support, i.e., the Social Security Disability ("SSD") checks, until her tuition debt is paid, and giving him the ability *Page 2 
to set the terms of the repayment with the school. Because Jennifer neglected to keep the school tuition current, and because the trial court's attitude towards solving the problem was not unreasonable, arbitrary or unconscionable, we disagree. Accordingly, we overrule all of Jennifer's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} After fourteen years of marriage, Jennifer and Thomas divorced. During their marriage, the couple sent their two minor children to Notre Dame schools and paid the private school tuition. In paragraph five of their divorce decree, the court ordered Jennifer to "pay the Notre Dame tuition timely, so long as the children continue to attend Notre Dame Schools." Pursuant to the language used by the court, Jennifer held the right to decide whether or not to send the children to Notre Dame, but if she did, it was her responsibility to pay the tuition. The divorce decree also provided that Jennifer receive Social Security Disability ("SSD") checks in the amount of $920 per month, paid on behalf of the children, as and for the total amount of child support.
 {¶ 3} In 2004, Thomas filed a motion for contempt against Jennifer alleging that she failed to pay the Notre Dame tuition timely. The court found her in contempt and allowed her to purge the contempt by paying Thomas's attorney fees.
 {¶ 4} In 2005, Thomas filed another motion for contempt against Jennifer again alleging that she failed to timely pay the Notre Dame tuition and that she owed the school $4,864 for the 2005-2006 school year. The court found Jennifer in contempt and ordered her incarcerated for ten (10) days. However, the court allowed her to purge her *Page 3 
contempt by: (1) paying Thomas's attorney fees; and (2) by changing the payee status on the SSD checks or signing the checks over to Thomas so that he could make arrangements with Notre Dame to pay the tuition arrearage. Should Jennifer seek to purge the contempt, Thomas would have the responsibility of paying the Notre Dame tuition until the arrearage is paid in full. When the arrearage is fully paid, Jennifer would once again receive the SSD checks and the responsibility to timely pay the tuition under the same conditions set forth in the divorce decree.
 {¶ 5} Jennifer appeals the trial court's judgment to this court and asserts the following three assignments of error: I. "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DISMISS PETITIONER'S SHOW CAUSE MOTION FOR LACK OF SUBJECT MATTER JURISDICTION." II. "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DISMISS PETITIONER'S SHOW CAUSE MOTION FOR LACK OF STANDING." And, III. "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING APPELLANT TO PAY A THIRD PARTY CREDITOR UNTIL PAID IN FULL WITH ALL PAYMENTS SHE RECEIVED ON BEHALF OF HER CHILDREN."
 II. {¶ 6} Jennifer contends in her first assignment of error that the trial court lacked subject matter jurisdiction to find her in contempt for failing to pay her children's school tuition. She asserts that because she always remained responsible for the tuition, and because Thomas never paid any of the tuition himself, the trial court had no jurisdiction to find her in contempt. She cites no law in support of her contention. *Page 4 
 {¶ 7} "The existence of the trial court's subject matter jurisdiction is a question of law[.]" Yazdani-lsfehani v. Yazdani-lsfehani,170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20. We review questions of law de novo. Id.
 {¶ 8} The court of common pleas has subject matter jurisdiction to grant divorces. R.C. 3105.01. The same court is empowered to order in the divorce decree that a party provide schooling for his or her child.Robrock v. Robrock (1958), 167 Ohio St. 479, 483, overruled in part byNokes v. Nokes (1976), 47 Ohio St.2d 1. A failure to pay a minor child's tuition as required in a divorce decree is a basis for a charge of contempt in that court. Id. at 489. A court has the inherent power to enforce its own orders. See, e.g., McCord v. McCord, Franklin App. Nos. 06AP-102 684, 2007-Ohio-164, ¶ 12. Further, "a court retains continuing jurisdiction over child support orders contained in divorce decrees[.]" Nokes, supra, at 3; see, also, Lawson v. Lawson (Dec. 21, 2001), Lawrence App. No. 01CA25 (proceeding appealed to this court wherein one former spouse sought to enforce a provision of a divorce decree that required the couple's child to attend a certain private high school).
 {¶ 9} Here, the Scioto County Common Pleas Court, Domestic Relations Division, granted Jennifer and Thomas a divorce. The court included a clause in the decree that required Jennifer to pay her minor children's tuition if she chose to send them to Notre Dame schools. Therefore, the court had subject matter jurisdiction to find Jennifer in contempt for failure to pay her children's tuition.
 {¶ 10} Accordingly, we overrule Jennifer's first assignment of error.
 III. *Page 5 {¶ 11} Jennifer contends in her second assignment of error that the trial court should have dismissed Thomas's motion for contempt. She maintains that Thomas had no standing because he was never obligated to make the tuition payments, never made tuition payments and, thus, never suffered injury as a result of her failure to pay the tuition. Again, Jennifer fails to cite any authority supporting her contention.
 {¶ 12} The issue of standing is a matter of law, which we review de novo. Portage Cty. Bd. of Commrs. v. Akron, 109 Ohio St.3d 106,2006-Ohio-954, ¶ 90.
 {¶ 13} "[B]efore an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue."Newman v. Enriquez, Scioto App. No. 06CA3091, 2007-Ohio-1934, ¶ 30, citing Ohio Contrs. Assn. v. Bicking (1994), 71 Ohio St.3d 318, 320. Whether a party has standing depends upon whether he has a "personal stake in the outcome of the controversy." Middletown v. Ferguson (1986),25 Ohio St.3d 71, 75. The requirement that a party have standing ensures that "`the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.'" Sierra Club v. Morton (1972), 405 U.S. 727, 732, quoting Flast v. Cohen (1968), 392 U.S. 83, 101. A parent has concurrent standing, along with his or her child, to enforce a decree's provisions that are intended to benefit the child. Watters v. Watters (Nov. 28, 1990), Greene App. No. 90 CA 26.
 {¶ 14} Watters concerned an action to enforce a provision of a dissolution decree requiring the father to pay the educational expenses of the couple's children. Id. The trial court held that the wife "lacked standing to enforce the provisions of the decree *Page 6 
pertaining to her daughter's college expenses[,]" and that the wife could only recover "certain amounts that she had actually expended for [her daughter's] college expenses[.]" Id. The second district court of appeals reversed and held that the mother had concurrent standing, along with her child (who was no longer a minor), to enforce the decree. Id.
 {¶ 15} Here, Thomas was a party to the divorce decree that contained the tuition requirement. As such, he has an interest in seeing that the provisions of the divorce decree are carried out. Further, he is the parent of the two minor children and has an interest in their education. Therefore, he had a "personal stake in the outcome of the controversy." Consequently, he had standing to bring the contempt action.
 {¶ 16} Accordingly, we overrule Jennifer's second assignment of error.
 IV. {¶ 17} Jennifer contends in her third assignment of error that the trial court abused its discretion in fashioning the purge conditions in the contempt order. She maintains that the court erred when it required her, as a purge condition, to either change the payee of the SSD checks from her to Thomas, or to simply sign the SSD checks to Thomas, so that he could pay the tuition arrearages with the SSD funds. The crux of Jennifer's contention is that the court should not deprive her of the child support payments during the time Thomas pays the tuition arrearage while also giving Thomas the ability to set the terms of repayment.
 {¶ 18} This court reviews a finding of civil contempt under the abuse of discretion standard. State ex rel. Celebrezze v. Gibbs (1991),60 Ohio St.3d 69, 75; State ex rel. *Page 7 
Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11; McCleese v.Clemons, Scioto App. 05CA3016, 2006-Ohio-3011, ¶ 15. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} This court will not substitute its judgment for that of the trial court under the abuse of discretion standard. In re Jane DoeI (1991), 57 Ohio St.3d 135, 137-138. "Instead, we give deference to the trial court as the trier of fact because it is `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" McCleese, at ¶ 15, citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 20} Here, we find that the trial court did not abuse its discretion. Jennifer failed to pay the tuition payments as required by the original divorce decree, and as a result of that neglect, the court now shifts the responsibility of paying the arrearage to Thomas. Not only does Thomas now bear the responsibility of paying the arrearage accumulated by Jennifer, he also bears the responsibility of making current tuition payments as they come due.
 {¶ 21} In a perfect world, Thomas will use the full amount of the SSD checks that Jennifer once received to pay the debt and the current tuition. The court's order is just one reasonable way of, hopefully, assuring that Thomas will use the money in that fashion. While we might have fashioned the order to require Thomas to use the entire SSD benefits toward paying the debt and current tuition, the court, after observing the witnesses and assessing their credibility, apparently felt that Thomas would apply the *Page 8 
entire amount toward the tuition. Further, under the terms of the trial court's order, the quicker Thomas pays the arrearage, the faster he relieves himself of paying the current tuition payments and shifts that burden back to Jennifer. Therefore, we find that the trial court did not abuse its discretion when it rendered its purge conditions.
 {¶ 22} Accordingly, we overrule Jennifer's third and final assignment of error. Having overruled all three assignments of error, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment and Opinion. *Page 1