DECISION AND JUDGMENT ENTRY
{¶ 1} Penny Gale Elam appeals the trial court's judgment directing the parties to take their son to counseling and contends that the trial court denied her procedural due process in reaching its decision. She bases her argument on the claim Tony J. Pierce sent an ex parte letter to the court to obtain the entry rather than filing an appropriate motion. She also asserts the court failed to hold a hearing prior to issuing the entry. However, Mr. Pierce contends that the trial court issued the entry to enforce its previous order. We agree with Mr. Pierce. The trial court had initially ordered the psychological evaluation and ADD testing in a prior entry in conjunction with the allocation of parental rights and responsibilities. But the parties failed to comply with that order. Because the trial court has the inherent authority to enforce its own orders, we reject Ms. Elam's *Page 2 
contention that the court failed to follow the proper procedure in issuing the subsequent order not withstanding the absence of a new motion or hearing. Moreover, the parties' pending motions, which are described below, provided an alternative basis for the trial court's issuance of the enforcement order.
 {¶ 2} Ms. Elam also contends that the trial court erred by accepting an ex parte letter from Mr. Pierce. After the trial court issued its original order, Ms. Elam filed a motion to cancel the ADD testing, and Mr. Pierce filed a motion to strike her motion. Then Mr. Pierce sent a letter to the court suggesting that their son should be tested for ADD/ADHD immediately due to a drop in his grades. This letter was an improper ex parte communication, and had the court relied upon it to make its decision, the court would have erred. However, there is no evidence in the record that the trial court improperly relied upon the letter. Upon receiving the letter, the court forwarded copies to the parties' counsel and did not issue its enforcement order until Ms. Elam received notice of the letter and was given a reasonable opportunity to respond to it. Thus, Ms. Elam was not prejudiced by the improper communication from Mr. Pierce. Nor did the trial court act improperly upon receiving the letter. Therefore, we overrule Ms. Elam's assignments of error.
 I. Facts {¶ 3} The parties seventeen-year-old son is the focal point of this dispute. On April 20, 2006, Ms. Elam filed a motion to modify the order allocating parental rights and responsibilities; she also filed a motion for a psychological evaluation of the parties' son. After conducting two hearings, on August 4, 2006, the trial *Page 3 
court issued a judgment entry regarding the allocation of parental rights and responsibilities. In its entry, the court ordered a psychological evaluation and ADD testing of the parties' son, as well as any treatment deemed necessary by the examiner, and directed the parties to complete the testing prior to the start of the 2006-2007 school year. Neither party appealed the trial court's order, nor did they comply with it. Rather, on August 30, 2006, Ms. Elam filed a motion to cancel the ADD testing, and Mr. Pierce responded with a motion to strike her motion in September 2006.
 {¶ 4} In November 2006, Mr. Pierce sent an ex parte letter to the trial court suggesting that the parties' son be tested for ADD/ADHD immediately due to a drop in his grades.[1] Though it's not entirely clear, the record suggests that, upon receiving the letter, the trial court immediately forwarded copies to both parties' counsel.[2]
Regardless, Ms. Elam's counsel acknowledges that he received notice of the letter on November 14, 2006. On December 26, 2006, the court again issued an entry directing the parties to take their son to counseling. Ms. Elam appeals this order.
 II. Assignments of Error {¶ 5} Ms. Elam's brief fails to include a statement of the assignments of error presented for review and fails to argue the assignments separately, as required by App.R. 16(A)(3) and (7). Rather than simply disregarding her *Page 4 
claimed errors under App.R. 12(A)(2), we will review the three assignments of error she initially identified in her civil docket statement.
 1. The Trial Court erred by ordering that the minor child of the parties attend psychological counseling without a motion for such counseling from either party.
 2. The Trial Court erred by ordering that the minor child of the parties attend psychological counseling without holding a hearing.
 3. The Trial Court erred in accepting ex parte communications from the Plaintiff/Appellee.
 III. Standard of Review {¶ 6} Ms. Elam contends the trial court violated her due process rights because it failed to follow the proper procedure prior to ordering the parties to take their son to counseling. Both theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law. The essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard. Whitaker v. Estate ofWhitaker (1995), 105 Ohio App.3d 46, 51-52, 663 N.E.2d 681, citingMullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873, and State ex rel. Allstate Ins. Co.v. Bowen (1936), 130 Ohio St. 347, 4 O.O. 427, 199 N.E. 355. We independently review the record to determine whether as a matter of law, Ms. Elam received reasonable notice and a reasonable opportunity to be heard. See Whitaker v. Estate of Whitaker, 105 Ohio App.3d at 52, citingOhio Valley Radiology Assoc, Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 123, 28 OBR 216, 220-221, 502 N.E.2d 599. *Page 5 
Thus, our review is de novo without any deference to the trial court's decision.
 IV. Trial Court's Inherent Authority to Enforce Prior Order {¶ 7} In her first and second assignments of error, Ms. Elam contends that the trial court failed to follow the procedural requirements set forth in Civ.R. 35(A) prior to ordering psychological counseling for their son and issued its order even though neither party filed a written motion. See Civ.R. 7(B)(1); Civ.R. 75(J); and Juv.R.19.
 {¶ 8} Under Civ.R. 35(A), a trial court has authority to order a psychological evaluation of a party provided that certain procedural safeguards are met.[3] Here, the trial court initially ordered psychological counseling and ADD testing in its August 4, 2006 entry regarding the allocation of parental rights and responsibilities. While Ms. Elam does not address the court's original entry, Mr. Pierce contends the December 26, 2006 order merely enforced this original order and that the trial court had in fact followed the proper procedure prior to issuing its original order. He also contends that the court's original entry was a final appealable order and that Ms. Elam's appeal is therefore untimely. However, *Page 6 
Ms. Elam does not raise the propriety of the court's original order and the procedure through which it was issued. Furthermore, while we agree arguendo that the original order was a final appealable order, the trial court still retained jurisdiction to enforce it. And, any enforcement action taken by the court would be subject to appeal in its own right.
 {¶ 9} Trial courts have inherent power to issue orders throughout the course of proceedings to ensure that litigation progresses toward final resolution. See McCord v. McCord, Franklin App. Nos. 06AP-102 684,2007-Ohio-164, ¶ 12. Trial courts also have inherent power to enforce their own orders. Lindsey v. Lindsey, Scioto App. No. 06CA3113,2007-Ohio-3803, ¶ 8, citing McCord, supra. In addition, courts "possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes." Slabinski v.Servisteel Holding Co. (1986), 33 Ohio App.3d 345, 346, 515 N.E.2d 1021; See, e.g., Hale v. State (1896), 55 Ohio St. 210, 213, 45 N.E. 199
(holding that courts possess such inherent powers "as are necessary to the orderly and efficient exercise of jurisdiction" and without which "no other [power] could be exercised.").
 {¶ 10} Here, the trial court had inherent authority to enforce its original order. After Ms. Elam filed her motion to cancel the testing and the court discovered that the parties had failed to comply with its original order, the court had the power to issue its subsequent entry ordering the counseling and ADD testing. In so doing, the court was not required to re-adjudicate the merits of its original order. Rather, the court simply entered a judgment to enforce the prior *Page 7 
order, which the parties had failed to follow. Thus, the December 26, 2006 order is simply a valid exercise of the trial court's inherent power to enforce its original order of August 4, 2006.
 V. Ex Parte Allegations {¶ 11} In her third assignment of error, Ms. Elam contends that the trial court erred in accepting an ex parte letter from Mr. Pierce. See Canon 3 of the Ohio Code of Judicial Conduct, which states:
 A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently * * *
 (B) Adjudicative Responsibilities.
 * * *
 (7) A judge shall not initiate, receive, permit, or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding except:
 (a) Where communications require, ex parte
communications for scheduling, administrative purposes, or emergencies that do not address substantive matters or issues on the merits are permitted if the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of ex parte communication.
 (b) A judge may obtain the advice of a disinterested expert on the law applicable to proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice and affords the parties reasonable opportunity to respond.
 (c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.
 (d) As authorized by law.
 * * * *Page 8 
 {¶ 12} Initially, we address Mr. Pierce's contention that his letter does not meet the definition of "ex parte" because it was informational only and requested no action. Mr. Pierce sent his letter directly to the court after Ms. Elam filed her motion to strike the testing. In his letter, he suggested that it was imperative that ADD/ADHA testing be completed immediately. The obvious purpose of the letter was to influence the court's decision on whether the son should undergo ADD/ADHA testing. See State ex rel. Beacon Journal Publishing Co. v.Whitmore (1998), 83 Ohio St.3d 61, 63, 697 N.E.2d 640 (noting that letters from interested parties attempting to persuade the judge to their viewpoint or to bring some information to the judge's attention constitute improper ex parte communications). Thus, his letter constituted an improper ex parte communication by Mr. Pierce.
 {¶ 13} However, the record fails to support Ms. Elam's contention that the trial court acted inappropriately upon receiving the letter. First, the record suggests that the court forwarded copies of the letter to the parties' counsel immediately upon receiving it. Ms. Elam's counsel received notice of the letter on November 14, 2006. Second, the trial court did not issue its enforcement order until December 26th. Thus, Ms. Elam had over a month upon receiving notice of the letter to file any objections to it. Furthermore, there is no evidence in the record to suggest that the trial court relied upon the letter, and during a status conference with the parties, the trial court apparently denied basing its *Page 9 
order on any information contained in the letter.[4] Finally, because the court had before it the parties' respective motions to cancel the testing and to strike, there was an alternative basis for the court's entry. Therefore, we reject Ms. Elam's contention that the trial court acted improperly upon receiving the letter.
 {¶ 14} Having overruled each of the assignments of error, we affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only as to Assignments of Error I and II; Concurs in Judgment and Opinion as to Assignment of Error III.
[1] The letter is dated November 8, 2007, but the parties agree that it was actually sent on November 8, 2006.
[2] Mr. Pierce represents that the court immediately forwarded copies of the letter to both parties' counsel. Ms. Elam claims she did not learn of the existence of the letter until a telephone status conference on January 18, 2007; however, she previously acknowledged in her jurisdictional memorandum that her counsel in fact received notice of the letter on November 14, 2006.
[3] Civ. R. 35(A) states: "When the mental or physical condition * * * of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Furthermore, R.C. 3109.04(C) states: "Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. * * *"
[4] In a letter to the trial court dated January 24, 2007, Ms. Elam's counsel requested that the trial court recuse himself from the case. Counsel states in his letter that the trial court indicated during a January 18, 2007 telephone status conference that it did not consider the letter when issuing its order. *Page 1