[Cite as *Russell v. Conner*, 2023-Ohio-4631.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| LEAH RUSSELL | C.A. No. 30597 |

Appellee

v.

APPEAL FROM JUDGMENT
ENTERED IN THE
SHAWN CONNER                                  COURT OF COMMON PLEAS
                                              COUNTY OF SUMMIT, OHIO
Appellant                                     CASE No.     DR 2014 12 3431

DECISION AND JOURNAL ENTRY

Dated: December 20, 2023

SUTTON, Presiding Judge.

{¶1}     Defendant-Appellant, Shawn Conner, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  This Court affirms.

I.

**Relevant Background**

{¶2}     This appeal arises from a contempt motion filed by Summit County Child Support Enforcement Agency ("CSEA") against Mr. Conner for the non-payment of child support and spousal support to Plaintiff-Appellee, Leah Russell.  Mr. Conner moved to dismiss the contempt motion due to lack of jurisdiction.  The trial court magistrate denied Mr. Conner's motion and a contempt hearing was held on September 27, 2022.

{¶3}     Subsequent to the hearing, wherein Mr. Conner testified, the magistrate found Mr. Conner guilty of contempt for the non-payment of child and spousal support and sentenced him to 70 days in the Summit County Jail.  Further, the magistrate suspended Mr. Conner's sentence to

allow him to purge the contempt. To avoid incarceration, the magistrate ordered Mr. Conner to pay the sum of $10.00 per month, plus processing charge, toward his child support arrearage and $80.00 per month for failure to pay to his spousal support arrearage, in addition to paying his regular child and spousal support obligations. Further, the magistrate ordered Mr. Conner to continue paying the sum of $90.00 per month in excess of his current child and spousal support obligations until the entire arrearage is paid in full. Mr. Conner filed timely objections to the magistrate's decision. The trial court overruled Mr. Conner's objections, adopting the magistrate's decision as an order of the court.

{¶4}     Mr. Conner now appeals raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN DENYING [MR. CONNER'S] MOTION TO HAVE TRANSCRIPTS PREPARED FROM THE MAY 13, 2022[] HEARING AT THE STATE'S EXPENSE, OR ASSESSED AS COSTS.**

{¶5}     In his first assignment of error, Mr. Conner argues the trial court erred in denying his motion for a transcript of the May 13, 2022 hearing to be prepared at the State's expense. For the reasons that follow, we disagree.

{¶6}     "[A]n indigent's access to appeal, through a transcript of *relevant trial proceedings*, is secure under our precedent." (Emphasis added.) *M.L.B. v. S.L.J.*, 519 U.S. 102, 123 (1996). The record, here, indicates the May 13, 2022 hearing was continued in order for discovery and exhibits to be exchanged regarding the issue of jurisdiction. On May 16, 2022, the trial court magistrate issued the following order:

> This matter was set for hearing on [May 13, 2022] upon the action filed by CSEA on [January 9, 2022]. * * * The hearing is continued to [May 31, 2022 at 11 a.m.] so that all discovery and exhibits can be exchanged and the [c]ourt can rule on

whether it has jurisdiction to enforce an alleged failure to pay spousal support based on the language of the decree.

Subsequent to this order, the parties filed briefs regarding the issue of jurisdiction which included citations to case law and legal arguments. On June 15, 2022, the magistrate issued a pre-trial order denying Mr. Conner's motion to dismiss for lack of jurisdiction. In denying Mr. Conner's motion to waive costs for the transcript of the May 13, 2022 hearing, the trial court reasoned:

> Court must conduct an independent review of the [m]agistrate's [d]ecision. May 13, 2022 was an independent hearing, not the start of the [e]videntiary, which occurred on September 27, 2022. To find otherwise would be to suggest that any indigent party could require the court to prepare a transcript for any hearing at the County's cost This is not what the law requires.

Upon review of the record, we cannot say the trial court erred in denying Mr. Conner's motion to waive costs for the preparation of a transcript of a continued pre-trial hearing. In spite of the magistrate's one generic reference to the "hearing" at the beginning of the decision, the magistrate clearly relied upon the case law and arguments in the parties' briefs in its discussion and analysis regarding jurisdiction. Further, the trial court classified the May 13, 2022 hearing as being "independent" from the evidentiary hearings which occurred at a later date. As such, the May 13, 2022 hearing is not a "relevant" trial proceeding in which Mr. Conner is entitled to at no cost for purposes of objecting to the magistrate's decision or appealing to this Court. *See M.L.B.* at 123.

{¶7} Accordingly, Mr. Conner's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

### THE TRIAL COURT ERRED IN FAILING TO DISMISS THE MOTION FOR CONTEMPT DUE TO ITS LACK OF JURISDICTION[.]

{¶8} In his second assignment of error, Mr. Conner argues the trial court erred in failing to dismiss CSEA's motion for contempt because the domestic relations court lacked jurisdiction to enforce the parties' spousal support order. Based upon this Court's decision in *Boyer v. Boyer*, 9th

Dist. Medina No. 03CA0137-M, 2004-Ohio-5450, ¶ 16-17, however, we are not persuaded by Mr. Conner's argument.

{¶9} R.C. 3105.18(E)(1) states:

[I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

In the case of a divorce, the decree or separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

In *Boyer* at ¶ 16-17, this Court indicated:

R.C. 3105.18(E) applies to affect only the court's ability to modify the spousal support *award* itself, and not spousal support *arrearages* later reduced to a lump sum judgment. * * * Thus, the court's failure to reserve jurisdiction to modify the spousal support award itself is exclusive of and has no implications for the court's ability to enforce the payment of arrearages.

{¶10} Here, the parties' separation agreement stated, in relevant part, "Husband shall pay to the Wife the sum of Five Hundred and Fifty Dollars ($550.00) per month for a period of thirteen (13) consecutive years subject to death of the Wife. *This provision is not modifiable and not subject to the court's continuing jurisdiction*." (Emphasis added.) Indeed, the italicized sentence only limits the trial court's authority to modify spousal support, not to enforce its own order for Mr. Conner to pay the court ordered spousal support to Ms. Russell. *See Maher v. Maher*, 9th Dist. Summit No. 19470, 1999 WL 1059674, *2 (Nov. 17, 1999) ("While the court is not permitted to modify the terms of the spousal support arrangement without an express reservation to do so, the trial court does have broad discretion and power to enforce a separation agreement incorporated into a divorce decree.") *See also In re Pierce*, 4th Dist. Meigs No. 07CA4, 2008-Ohio-1956, ¶ 10 ("[T]he trial court had inherent authority to enforce its original order."). Therefore, because a trial court

maintains the inherent authority to enforce its own order, it did not err in denying Mr. Conner's motion to dismiss for lack of jurisdiction.

{¶11} Accordingly, Mr. Conner's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT'S CONTEMPT FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶12} In his third assignment of error, Mr. Conner argues the trial court's finding of contempt is against the manifest weight of the evidence. Specifically, Mr. Conner argues there was unrefuted testimony at the contempt hearing indicating he was confused by the last sentence in the parties' separation agreement relating to spousal support because it was ambiguous.

{¶13} "This Court reviews contempt proceedings for an abuse of discretion." *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. To establish contempt, the moving party must "establish a valid court order, knowledge of the order by the defendant, and a violation of the order." *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The party seeking to hold the other in contempt bears the burden of proving the other's failure to comply with an order of the court. *Zemla* at ¶ 11. Additionally, "[b]efore a party may be held in contempt for disobeying a court order, the prior order 'must spell out the details of compliance in clear, specific and unambiguous terms so that such

person will readily know exactly what duties or obligations are imposed upon him .'" *Morrow* at ¶ 53, quoting *Collette v. Collette*, 9th Dist. Summit No. 20423, 2001 WL 986209, *3 (Aug. 22, 2001).

**{¶14}** As it relates to spousal support, the parties' separation agreement states as follows:

Commencing in the month in which the parties['] Dissolution of Marriage is granted, *Husband shall pay to the Wife the sum of Five Hundred and Fifty Dollars* ($550.00) per month for a period of thirteen (13) consecutive years subject to death of the Wife. This provision is not modifiable and not subject to the court's continuing jurisdiction. Otherwise, neither party shall pay spousal support to the other past, present, or an any time in the future.

(Emphasis added.)

**{¶15}** In finding Mr. Conner in contempt, the magistrate reasoned:

There is no dispute that there is an order issued by this [c]ourt on [February 4, 2015] establishing [Mr. Conner's] court ordered obligation to pay both child and spousal support. [Mr. Conner] was aware of the order as he was present at the hearing per the Decree of Dissolution and he signed the separation agreement that includes the obligations. Even if he were some reason not aware of an agreement he signed and adopted at a hearing he attended, he was found in contempt for failing to pay this support on [November 17, 2015] and [May 4, 2017] which would have alerted him to the order. Further, [Mr. Conner] did not testify he was unaware of the order, rather just that he did not understand it mandated him to pay spousal support. Lastly the evidence is undisputed that [Mr. Conner] did not pay his support. First[,] CSEA's Exhibit #1 established that [Mr. Conner] did not pay support. Second[,] even without the Exhibit, the case specialist from CSEA testified that [Mr. Conner] did not pay the support. Lastly, [Mr. Conner] himself testified he did not pay the support. Thus, CSEA has shown by clear and convincing evidence that [Mr. Conner] was in contempt of this court orders to pay child and spousal support.

\* \* \*

[Mr. Conner] claims that this last sentence, "Otherwise, neither party shall pay spousal support to the other past, present, or at any time in the future" made the entire spousal support [provision] optional and he only had to pay spousal support if he felt able. This is not a reasonable interpretation of the order. The first sentence of the paragraph sets up a mandatory requirement, "Husband shall pay…"[.] [T]he [word] ["]otherwise["] merely modifies that provision to state that other than this support neither party shall pay anything else. The [c]ourt finds that the order is clear and unambiguous and enforceable in [c]ontempt.

\* \* \*

In overruling Mr. Conner's objection to the magistrate's decision on this issue, the trial court explained:

> In the hearing [Mr. Conner] acknowledged [his attorney's] leading statement that he understood the provisions of the separation agreement meant that any payment of spousal support by [Mr. Conner] was strictly voluntary. This argument passes from the absurd to the plain silly. Even if [Mr. Conner] had somehow, through a twisted juxtaposition of words, purposefully misunderstood the meaning of the words "shall pay" and "otherwise[,]" [Mr. Conner] was disabused of this alleged 'misunderstanding' twice by this [c]ourt, once in a *Nunc Pro Tunc* Judgment Entry issued [February 1, 2015] wherein [Mr. Conner] was found to be in contempt of court for failure to pay his child and spousal support obligation. This lesson was punctuated by a 45 day period of incarceration as [Mr. Conner] failed to meet the purge conditions set forth in said Entry. The lesson was repeated in another Judgment Entry for [c]ontempt issued by this [c]ourt on [May 4, 2017]. In this case [Mr. Conner] acknowledged his requirement to pay his spousal support obligation by actually meeting it as set forth in the purge conditions. [Mr. Conner] was, however, cautioned in [p]aragraph 2 of the [e]ntry that "purging the contempt does not excuse future non-compliance with this [c]ourt's orders."

{¶16} In reviewing the language in the parties' separation agreement, it states: "[c]ommencing in the month in which the parties['] Dissolution of Marriage is granted, Husband *shall pay to the Wife* the sum of Five Hundred and Fifty Dollars ($550.00) per month for a period of thirteen (13) consecutive years subject to death of the Wife." (Emphasis added.) According to www.Merriam-Webster.com, the word "shall" is "used in laws, regulations, or directives to express what is mandatory." Additionally, the word "otherwise" as used in this sentence: "[o]therwise, neither party shall pay spousal support to the other past, present, or an any time in the future[,]" means "in other respects," and does not refer to the mandatory payment of spousal support. As such, the court's order that Mr. Conner *shall* pay $550.00 per month in spousal support to Ms. Russell for a period of thirteen consecutive years subject to her death is clear and unambiguous.

{¶17} Moreover, as indicated in the trial court's decision overruling Mr. Conner's objections to the magistrate's decision, Mr. Conner was found in contempt two other times for failing to pay the mandatory court ordered spousal support payments to Ms. Russell. Therefore,

Mr. Conner's claim that he was "confused" by the language in the parties' separation agreement, after two prior contempt findings against him for the non-payment of spousal support, is not well-taken.

{¶18} Accordingly, Mr. Conner's third assignment of error is overruled.

III.

{¶19} Mr. Conner's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

LESLIE GRASKE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and ERIK M. RINE, Assistant Prosecuting Attorney, for Appellee.