[Cite as *Doyle v. St. Clair*, 2024-Ohio-5246.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JOANNE DOYLE | | C.A. No.    21CA011795 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACK ST. CLAIR | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.    08DR069738 |

DECISION AND JOURNAL ENTRY

Dated: November 4, 2024

---

CARR, Judge.

**{¶1}** Appellant Joanne Doyle appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, denying Ms. Doyle's motion to show cause. This Court affirms.

I.

**{¶2}** Ms. Doyle and Appellee Jack St. Clair were divorced in February 2009 via a judgment entry that incorporated a separation agreement. Inter alia, the separation agreement provided that Mr. St. Clair would be solely responsible for "[a]ll mortgage loans owed to Lorain National Bank and Fifth Third Bank and [would] remove [Ms. Doyle's] name from any such obligations; and remove [Ms. Doyle's] building as collateral for any of the Lorain National loans[.]" The separation agreement also stated that Mr. St. Clair would pay to Ms. Doyle an equalization payment of $165,000, to be paid in 132 monthly installments of $1,250 each, and commencing 30 days after the date of the separation agreement. The separation agreement

contained a late payment clause and a clause providing that Ms. Doyle was entitled to receive certain rental payments.

{¶3} In 2014, Ms. Doyle filed a motion to hold Mr. St. Clair in contempt for failing to pay Ms. Doyle the full amount of the equalization payments due and failing to turn over the rents required under the separation agreement. In turn, Mr. St. Clair filed a motion pursuant to Civ.R. 60(B) seeking to amend the original judgment to reflect the agreement of the parties or to grant him relief from the judgment. In the motion, Mr. St. Clair argued that the parties agreed that he would pay all the Lorain National Bank notes aside from the loan the parties had co-signed for Ms. Doyle's daughter and son-in-law. However, that provision was not contained in the copy of the separation agreement that was made part of the record. In 2009, when Ms. Doyle's daughter and son-in-law began failing to make payments on the loan, Mr. St. Clair made the payments and deducted that sum from the monthly amount he owed Ms. Doyle. Mr. St. Clair sent a note along with the payment to Ms. Doyle explaining what he had done. Mr. St. Clair indicated that he did not know the provision was not part of the judgment until Ms. Doyle objected to the way he was handling her payments. Ms. Doyle opposed the motion.

{¶4} After further litigation, including appeals, in February 2016, the trial court granted Mr. St. Clair's Civ.R. 60(B)(5) motion and held that he was to receive credit for the amounts he paid towards Ms. Doyle's daughter's and son-in-law's loan. Ms. Doyle appealed the decision. This Court concluded that "[t]he domestic relations court abused its discretion by permitting Mr. St. Clair to use Civ.R. 60(B)(5) as a substitute for Civ.R. 60(B)(1) where the one-year time limit had expired." *Doyle v. St. Clair*, 2017-Ohio-5477, ¶ 20 (9th Dist.). We sustained Ms. Doyle's assignment of error and reversed the judgment of the trial court. *Id.* at ¶ 22.

**{¶5}** In October 2017, a magistrate issued an entry determining that Ms. Doyle's show cause motion was reinstated in light of this Court's decision. Ms. Doyle filed a supplemental motion to show cause in March 2018. Therein, Ms. Doyle reiterated her claim that Mr. St. Clair failed to make all payments toward the $165,000 he owed her as part of the separation agreement. In addition, Ms. Doyle asserted that Mr. St. Clair failed to turn over certain rents as required under the separation agreement. A hearing was ultimately held on the motion.

**{¶6}** In June 2021, the magistrate issued a decision. The magistrate found that Mr. St. Clair only paid $100,474.93 of the $165,000 ordered in the separation agreement. The magistrate also indicated that Mr. St. Clair testified that he paid a total of $49,155.56 towards Ms. Doyle's daughter's and son-in-law's loan and deducted this amount from what he owed Ms. Doyle. Mr. St. Clair believed that the parties had agreed that each party would be responsible for the debts of his or her respective children. Mr. St. Clair also made extensive repairs to a commercial property owned by Ms. Doyle. Mr. St. Clair expended $71,000 and only recovered approximately $29,000 from the insurance company. The magistrate concluded that, based upon the money paid by Mr. St. Clair and the benefits received by Ms. Doyle, Ms. Doyle had received what she was entitled to. The magistrate also concluded that Ms. Doyle was not entitled to recover late fees and that there was insufficient evidence to support her claims pertaining to the rent payments. The magistrate then denied her motion to show cause. The trial court adopted the magistrate's decision and entered judgment the same day denying the motion to show cause. Thereafter, Ms. Doyle filed objections and supplemental objections to the magistrate's decision. In August 2021, the trial court overruled Ms. Doyle's objections.

**{¶7}** Ms. Doyle has appealed the judgment and has raised two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF MS. DOYLE BY UNILATERALLY MODIFYING THE PARTIES['] PROPERTY DIVISION[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF MS. DOYLE BY DENYING MS. DOYLE'S MOTION TO SHOW CAUSE.

**{¶8}** Ms. Doyle argues in her first assignment of error that the trial court unilaterally modified the divorce decree when it determined that Ms. Doyle had received the value of the $165,000 property settlement and declined to find Mr. St. Clair in contempt. Ms. Doyle argues in her second assignment of error that the trial court erred in denying the motion to show cause. As these arguments are related, they will be addressed together. We note that Ms. Doyle's arguments do not address issues related to Mr. St. Clair's alleged failure to turn over rental payments to Ms. Doyle or whether Ms. Doyle was entitled to the late payment fees related to the property division.

**{¶9}** "To establish contempt, the moving party must establish a valid court order, knowledge of the order by the defendant, and a violation of the order." (Internal quotations and citation omitted.) *Russell v. Conner*, 2023-Ohio-4631, ¶ 13 (9th Dist.). "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." (Internal quotations and citation omitted.) *Id.* "Once the movant proves [a] prima facie case, the contemnor must present evidence of [an] inability to comply with the order or any other available defense. *Zemla v. Zemla*, 2012-Ohio-2829, ¶ 11 (9th Dist.). If the trial court determines that there is clear and convincing evidence of a violation, it has discretion as to whether to find the party in contempt. *See Zemla* at ¶ 8; *Rose v. Rose*, 2024-Ohio-2436, ¶ 21 (Carr, P.J., concurring in judgment only).

{¶10} Here, both Ms. Doyle and Mr. St. Clair testified at the hearing on the motion for contempt. Ms. Doyle testified that, as part of the property division, Mr. St. Clair agreed to pay Ms. Doyle $165,000 via 132 monthly installments of $1,250 a month. Ms. Doyle also testified that, pursuant to the divorce decree, she was entitled to receive rents from a certain property. Ms. Doyle provided a ledger to demonstrate the payments that Mr. St. Clair made and/or failed to make. Of the $165,000, Ms. Doyle had received $100,474.93 in payments. Ms. Doyle asserted that Mr. St. Clair owed $81,000, which included $16,500 in late fees, which Ms. Doyle continually assessed once Mr. St. Clair was late with a single payment. Ms. Doyle denied having any agreement to offset payments Mr. St. Clair may have made for anything else. Ms. Doyle also claimed that she was entitled to $12,479 in rent payments she did not receive. Thus, in total, Ms. Doyle maintained that Mr. St. Clair owed $93,504.07 for the property division payments and the rents.

{¶11} As to the rents, Mr. St. Clair testified that several of the rent payments were deposited into the joint account prior to the end of the marriage as they were paid ahead of time. Mr. St. Clair specifically remembered giving Ms. Doyle one of the payments and the remaining payment Mr. St. Clair indicated was probably intercepted by the bank. Thus, Mr. St. Clair indicated that he did not fail to provide Ms. Doyle with any rent payments.

{¶12} Ms. Doyle acknowledged that the first check she received in 2009 towards the $165,000 was for $592.66 and that at some point she also received a note from Mr. St. Clair indicating he had deducted from the $1,250 the amount he had to pay on Ms. Doyle's daughter's and son-in-law's loan. Ms. Doyle asserted that letters were sent to Mr. St. Clair's counsel indicating that Mr. St. Clair was required to pay the full amount, however, Ms. Doyle did not file a motion to show cause on this issue until 2014 even though years passed in which Mr. St. Clair

failed to make full payments for many months. Ms. Doyle did file a motion to show cause in 2011 but did not raise the issue about the payments toward the $165,000 property division.

{¶13} Mr. St. Clair testified that he had conversations with Ms. Doyle about her daughter and son-in-law not paying the loan. Mr. St. Clair indicated that Ms. Doyle never told him that she objected to him deducting the amount of payments he was making on the daughter's and son-in-law's loan from the payments Ms. Doyle was due. According to Mr. St. Clair, the payments he would make to Ms. Doyle varied based upon the amount that he had to pay towards Ms. Doyle's daughter's and son-in-law's loan. Mr. St. Clair sued Ms. Doyle's daughter and son-in-law in small claims court in 2013 and received a judgment of $1,881.44. In 2014, Mr. St. Clair paid off Ms. Doyle's daughter's and son-in-law's loan for $35,405.56. After that, Ms. Doyle's daughter and son-in-law filed for bankruptcy and Mr. St. Clair was not able to recover any money from them.

{¶14} Ms. Doyle additionally testified that shortly after the divorce, a commercial building that Ms. Doyle received in the divorce caught fire. It appears that, at the time of the fire, the deed had not yet transferred. When the building caught fire, the only insurance on the building was the insurance provided by the bank to cover the amount owed on the building; the other policy that was on the building had lapsed. Mr. St. Clair testified that a 4,000 square foot section of the building was damaged. Mr. St. Clair spoke with Ms. Doyle the day after the fire and told her that, because he was a contractor, he would repair the building and bill her for it. However, it does not appear that Mr. St. Clair ever sent Ms. Doyle any bills. Mr. St. Clair averred that he told Ms. Doyle that he would deduct the costs of the repairs from the remainder of the $165,000 that he owed her. According to Mr. St. Clair, Ms. Doyle agreed to that; however, Ms. Doyle adamantly disputed that claim. Nonetheless, Ms. Doyle did acknowledge that she agreed to have Mr. St. Clair make the repairs. Ms. Doyle thought Mr. St. Clair would receive payment from the insurance

company and did not even think about who would be responsible if the insurance company did not cover the entire cost.

{¶15} As to the repairs, Mr. St. Clair "gutted the inside of the unit, put a new furnace in it, put new plumbing, new electrical, new wiring, new – new carpets, a security system[, and] hired a fire investigation company to protect [Ms. Doyle's] interests because there was a question as to how the fire started." He also made additional repairs required by the city. Mr. St. Clair asserted that he "handled the whole fire for her." He indicated that he sent a bill for $71,000 and was able to recover $29,269.32 from the bank's insurance company. He asserted that he charged $15,000 for his time.

{¶16} From the period of June 2009 through April 2010, Mr. St. Clair did not make payments to Ms. Doyle because he was repairing the building during that time; thus, instead of paying her, he was making repairs. Thereafter, Mr. St. Clair resumed making payments again until October 2017 when he believed he had paid her all that he owed her based upon the payments he made for Ms. Doyle's daughter's and son-in-law's loan and the expenditures made to repair the fire damage.

{¶17} We conclude that Ms. Doyle has failed to demonstrate that the trial court abused its discretion in denying her motion to show cause. While the magistrate's and, in turn, the trial court's language in ruling on Ms. Doyle's motion may have been less than ideal, Ms. Doyle has not established that the trial court unilaterally modified the divorce decree. The trial court's judgment ruled only upon Ms. Doyle's motion to show cause; it did not issue a modified divorce decree. Further, the trial court did not issue an award to Mr. St. Clair based upon on quantum meruit, and Mr. St. Clair did not file a claim seeking relief based upon that principle. Instead, it appears that quantum meruit was discussed in the magistrate's decision as a way to explain why

Mr. St. Clair would not be held in contempt. The same can be said of the lower court's discussion of Mr. St. Clair's payments of Ms. Doyle's daughter's and son-in-law's loan; it was discussed so that the parties could understand why Mr. St. Clair was not being held in contempt.

{¶18} Essentially the trial court concluded that the circumstances before it did not warrant finding Mr. St. Clair in contempt. Those circumstances included: (1) Mr. St. Clair paying over $100,000 in payments towards the $165,000 he was required to pay Ms. Doyle under the separation agreement; (2) Mr. St. Clair expending thousands of dollars towards a loan incurred by Ms. Doyle's daughter and son-in-law that he did not believe he should have been required to pay; and (3) Mr. St. Clair expending tens of thousands of dollars to repair and restore a building damaged by a fire which Ms. Doyle received in the divorce. Mr. St. Clair testified that he believed that he satisfied his duty to pay Ms. Doyle the $165,000 in 2017 when he stopped making payments. It is apparent that the lower court found Mr. St. Clair's testimony more credible than Ms. Doyle's and so the fact that Ms. Doyle testified that she did not agree to accept reduced payments for any reason is not determinative. *See Bohannon v. Bohannon*, 2020-Ohio-1255, ¶ 21 (9th Dist.) ("This Court is mindful that the trier of fact is in the best position to resolve credibility issues during a contempt proceeding and a difference of opinion with respect to the trial court's determination in that regard does not constitute legitimate grounds for reversal."). Given the totality of the record, Ms. Doyle has not demonstrated that the trial court abused its discretion in denying the motion to show cause.

{¶19} Ms. Doyle's assignments of error are overruled.

III.

{¶20} The assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DANIEL J. GIBBONS, Attorney at Law, for Appellant.

ANTHONY B. GIARDINI, Attorney at Law, for Appellee.