[Cite as *MSRK, L.L.C. v. Twinsburg*, 2012-Ohio-2608.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MSRK, LLC

    Appellant

    v.

CITY OF TWINSBURG, OHIO

    Appellee

C.A. No.     24949

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2007 11 8124

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

BELFANCE, Presiding Judge.

{¶1} Appellant MSRK, LLC ("MSRK") appeals from the decision of the Summit County Court of Common Pleas. For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

In the spring of 2007, MSRK purchased approximately 80 acres of undeveloped land at the northwest corner of Glenwood Drive and State Route 91 in the city of Twinsburg for $45,000 an acre. The property has been zoned R-4 since the 1960s. The zoning ordinance in place at the time of MSRK's purchase permitted a density of 1.2 units per acre. The applicable zoning ordinance also included a 25% open space requirement. MSRK was aware of the zoning when it purchased the property. Prior to MSRK's purchase in 2007, the property was a working farm known as Corbett's farm. All of the land west of State Route 91 and immediately surrounding Corbett's Farm consists of developed residential lots which were developed under the then-

applicable R-4 zoning densities. Immediately to the north of the property is a subdivision of single-family detached houses which, when it was developed, was subject to an R-4 zoning ordinance that allowed 2.7 units per acre. Immediately to the south of the property, and across Glenwood Drive, is a subdivision of single-family detached housing that was developed at time when the R-4 zoning ordinance allowed 3.4 units per acre. Immediately to the west of the property is a subdivision of single-family detached houses which was developed under an R-4 ordinance that allowed up 1.5 units per acre. Due to constraints on the property, however, the developed portions have an effective density of around 2 units an acre. To the east of the property, and across State Route 91, is a planned unit development, consisting of higher density residential housing and commercial properties. Additionally, on that side of State Route 91 is 22 acres owned by Twinsburg which is partially zoned as a planned unit development and partially zoned as public facility. Thus, the Corbett Farm property is surrounded on three sides by R-4 single-family detached housing. Further, the Corbett Farm property is separated from the commercial and higher density residential development to the east by the major arterial roadway, State Route 91.

{¶2} After purchase, MSRK sought to have Corbett's Farm rezoned into three districts: R-5 (cluster housing), PF (public facility), and C-2 (commercial). The application was denied by the Planning Commission, and MSRK did not appeal the decision.

{¶3} In November 2007, MSRK filed a complaint for declaratory relief and a petition for a writ of mandamus against the City of Twinsburg. MSRK sought numerous declarations concerning the constitutionality of Twinsburg's R-4 zoning ordinances including facial and as applied due process and equal protection challenges. In addition, MSRK alleged that the application of the ordinance to the property resulted in a taking of the property entitling MSRK

to receive compensation. The matter proceeded to a lengthy bench trial, which resulted in over 1000 pages of testimony and the introduction of several binders full of exhibits. Afterwards, the trial court ordered MSRK's complaint and petition dismissed. The trial court concluded that "MSRK has failed to prove beyond fair debate any of its claims. Although MSRK has presented triable issues, it has not met its required burden of proof."

{¶4} MSRK has appealed, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO BALANCE THE BENEFIT TO THE PUBLIC OF THE CURRENT R-4 ZONING CLASSIFICATION AGAINST THE DISADVANTAGE TO MSRK.

ASSIGNMENT OF ERROR II

APPLICATION OF THE CURRENT R-4 ZONING CLASSIFICATION TO THE MSRK PROPERTY HAS NO SUBSTANTIAL RELATION TO THE PUBLIC HEALTH, SAFETY, MORALS OR GENERAL WELFARE AS A MATTER OF LAW.

ASSIGNMENT OF ERROR III

THE TRIAL COURT'S DETERMINATION THAT THE BENEFIT TO THE PUBLIC OF APPLYING THE R-4 ZONING CLASSIFICATION TO MSRK PROPERTY OUTWEIGHS THE DETRIMENT TO MSRK IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S DETERMINATION THAT MSRK WOULD BE PERMITTED TO DEVELOP ITS PROPERTY AT 2.2 UNITS PER ACRE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In MSRK's four assignments of error, it raises various arguments essentially asserting that the trial court erred in finding the zoning ordinance constitutional. However, because we conclude that the trial court's judgment entry does not adequately detail its analysis,

we are unable to review the trial court's decision and, therefore, decline to address the merits of MSRK's arguments.

{¶6} "Zoning is a valid legislative function of a municipality's police powers." *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, ¶ 10. "A zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St.3d 207 (1998), syllabus. "The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains 'beyond fair debate.'" *Id.* at 214. "[T]here is little difference between the 'beyond fair debate' standard and the 'beyond a reasonable doubt' standard." *Cent. Motors Corp. v. Pepper Pike,* 73 Ohio St.3d 581, 584 (1995). "[T]he judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable." (Internal quotations and citation omitted.) *Id.*

{¶7} "A zoning ordinance may be challenged as unconstitutional on its face or as applied to a particular set of facts." *Jaylin* at ¶ 11. In the instant matter, on appeal, MSRK asserts that the zoning ordinance is unconstitutional as applied to the Corbett Farm property. "In an 'as applied' challenge to a zoning ordinance, the landowner questions the validity of the ordinance only as it applies to a particular parcel of property. If the ordinance is unconstitutional as applied under those limited circumstances, it nevertheless will continue to be enforced in all other instances." *Id.* at ¶ 12.

{¶8} In reviewing the trial court's decision, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest

miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Internal quotations and citations omitted.) *Eastley v. Volkman*, Slip Opinon No. 2012-Ohio-2179, ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21. "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." (Internal quotations and citations omitted.) *Id.*

{¶9} The instant case is no simple, straightforward matter. This case proceeded to a trial at which over 1000 pages of testimony was elicited and over one hundred exhibits were introduced. Over one dozen witnesses, including experts, provided testimony. Needless to say, our review of the record reveals conflicting testimony on matters material to the determination of the issues at hand. Nonetheless, the trial court issued a four-page judgment entry in which it made thirteen factual findings, the vast majority of which amount to uncontested background facts. The remainder of the entry reiterates MSRK's arguments, states the law, and provides a conclusion. Notably lacking from the trial court's entry is any discussion of what the substance of the testimony was or what testimony the trial court found important or credible. Further the entry does not set forth any factual findings that are central to resolution of the claims. Likewise there is no analysis applying the law to the facts. In weighing the evidence, this Court is required to give deference to the trial court's judgments relative to its factual findings; however, we are unable to do that when the trial court failed to provide us with any insight into the findings that are material to the trial court's decision and its reasoning process. *See Eastley* at ¶ 21.

{¶10} Because the trial court's judgment entry prevents this Court from conducting a meaningful review, we reverse its judgment and remand the matter to so that the trial court can

create an entry sufficient to permit appellate review. *See First Resolution Invest. Corp. v. Davis*, 10th Dist. No. 05AP-328, 2005-Ohio-4976, ¶ 13 (concluding that because the trial court provided no analysis, the appellate court was "unable to conduct a meaningful review of the trial court's decision, as [the court was] unable to determine the factual and/or legal conclusions reached by the trial court, as well as what evidence the trial court considered in reaching its decision[]"). This Court takes no position on the constitutionality of the ordinance at issue and declines to address the merits of MSRK's arguments at this time.

### III.

{¶11} In light of the foregoing, we reverse the decision of the Summit County Court of Common Pleas and remand this matter for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

WILLIAM D. DOWLING, ORVILLE L. REED, III, and ANTHONY R. VACANTI, Attorneys at Law, for Appellant.

SALLIE C. LUX, AMANDA M. LEFFLER, and LUCAS M. BLOWER, Attorneys at Law, for Appellee.