[Cite as *Zemla v. Zemla*, 2012-Ohio-2829.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| LAURA ZEMLA | C.A. No.      11CA0010 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL ZEMLA | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No.      06-DR-0365 |

DECISION AND JOURNAL ENTRY

Dated: June 25, 2012

CARR, Judge.

{¶1}    Appellant, Laura Zemla, appeals the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, which found her in contempt. This Court reverses.

I.

{¶2}    Laura Zemla ("Wife") obtained a civil protection order against her husband Michael Zemla ("Husband") shortly before she filed for divorce. The parties' judgment decree of divorce referenced the civil protection order, indicating that it remained in effect after the divorce. A separation agreement which addressed and resolved certain issues was attached to and incorporated into the parties' decree. Article 5 of the separation agreement awarded all interest in the parties' home to Wife. Article 4 of the separation agreement addressed the parties' division of personal property.

{¶3} Husband filed a motion for Wife to show cause why she should not be held in contempt for failing to abide by the property division provisions in Article 4 of the separation agreement. The hearing on Husband's contempt motion was scheduled and continued multiple times. While the motion was pending, the magistrate issued an order noting that Husband admitted that Wife had transferred some, but not all, of the items to him. After the contempt hearing, the magistrate issued a decision recommending that Wife be found in contempt and be sentenced to serve 30 days in jail over the Christmas holidays. "On second thought," however, the magistrate recommended delaying the start of Wife's sentence until January, so the parties might have an opportunity to reach a settlement and agree that the jail sentence would be suspended. Further, while the magistrate declined to "go over each individual item" to determine whether it was the type Wife was required to return to Husband because "[t]hat would take too much of the Court's time," the magistrate nevertheless recommended that Husband's spousal support obligation be credited in the amount of $500 based on the magistrate's "feel[ing]" that that amount represented "a fair and equitable value of the items complained of[.]"

{¶4} On the same day that the magistrate issued his decision, the domestic relations court issued an order finding Wife in contempt and sentencing her to jail for 30 days beginning on January 10, 2011. The court made no provision to allow the parties an opportunity to reach a settlement or to suspend Wife's sentence. The trial court also ordered that Husband's spousal support account be credited in the amount recommended by the magistrate.

{¶5} Wife filed timely objections to the magistrate's decision. The domestic relations court overruled the objections and issued an order adhering to its prior order. Wife appealed, raising two assignments of error for review.

{¶6}   As a preliminary matter, this Court notes that appellee Husband has failed to file an appellee's brief.  Accordingly, we may accept appellant Wife's statement of the facts and issues as correct and reverse the judgment if Wife's brief reasonably appears to sustain such action.  App.R. 18(C); *see also Akron v. Carter*, 9th Dist. No. 22444, 2005-Ohio-4362, ¶ 3.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FINDING LAURA ZEMLA IN INDIRECT CRIMINAL CONTEMPT OR INDIRECT CIVIL CONTEMPT AS SUCH A FINDING IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

{¶7}   Wife argues that the domestic relations court erred by finding her in contempt. This Court agrees.

{¶8}   This Court reviews contempt proceedings for an abuse of discretion.  *Akin v. Akin*, 9th Dist. Nos. 25524, 25543, 2011-Ohio-2765, ¶ 44, citing *Thomarios v. Thomarios*, 9th Dist. No. 14232, 1990 WL 1777 (Jan. 10, 1990).  An abuse of discretion connotes that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}   "A knowing failure to obey the lawful order of the court is a ground for a finding of contempt."  *Schaffter v. Rush*, 9th Dist. 04CA0028-M, 2004-Ohio-6542, ¶ 22; *see also* R.C. 2705.02.  Although contempt is generally classified as either civil or criminal to facilitate review, the Ohio Supreme Court has recognized that contempt proceedings are sui generis, i.e., neither wholly civil nor wholly criminal.  *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253.  The *Brown* court elaborated:

> While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment.  Punishment is remedial or

coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce [Wife] to obey the [] judgment decree, or was it to punish [her] for past violations?

(Internal citations omitted.) *Id.* at 253-254.

{¶10} In this case, because the trial court failed to clarify the character and purpose of the imposed punishment, Wife argues in terms of both criminal and civil contempt. We agree it is unclear whether the trial court intended to coerce Wife into compliance or punish her for a past violation of the parties' judgment decree of divorce. Because we conclude that the evidence failed to prove that Wife knowingly failed to obey the court's order irrespective of the type of contempt contemplated, we analyze the matter within the context of civil contempt.[1]

{¶11} In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence. *Romans v. Romans*, 9th Dist. No. 23181, 2006-Ohio-6554, ¶ 9. This Court has long recognized that the movant's burden of proving a prima facie case of contempt may be met by producing the order and proof of the contemnor's failure to comply. *Rossen v. Rossen*, 2 Ohio App.2d 381, 383-384 (9th Dist.1964). Once the movant proves his prima facie

---

[1] It appears solely from looking at the trial court's order that the court imposed a criminal contempt sanction based on an apparently mandatory jail sentence for Wife. However, the trial court delayed Wife's reporting date to a time consistent with the time recommended by the magistrate to allow the parties to reach a settlement. Wife's jail sentence would then be suspended. In that context, because the trial court incorporated the magistrate's recommended delay in commencing the jail sentence, the court's contempt order appears to have been intended primarily to coerce Wife into compliance, a traditional civil contempt sanction.

case, the contemnor must present evidence of her inability to comply with the order or any other available defense. *Id.* at 384.

{¶12} Husband alleged that Wife failed to return his property as ordered in Article 4 of the parties' separation agreement. That provision states, in relevant part that "[t]he Husband shall have as his own property, free and clear of any claim of the Wife, all tools, jewelry, clothing, vehicles, personal property and any other items currently in his possession, plus * * * [a]ny and all of his the (sic) items that Defendant inherited or received from his Mother or Father that are currently in the possession of Plaintiff. The parties shall make arrangement for said items to be retrieved from the Plaintiff by the Defendant with a Civil Stand by, if necessary." The items at issue were not specified in either the separation agreement or any appendix or exhibit attached thereto.

{¶13} At the contempt hearing, the parties acknowledged that there was a civil protection order in place since before the divorce and at the time of the hearing. Although the civil protection order is not contained in the record, the evidence adduced at the hearing indicates that, pursuant to the civil protection order, Husband was ordered to leave the parties' home and was prohibited from having any contact with Wife. Accordingly, it would have been impossible for the parties themselves to have made arrangements for the return of any property to Husband.

{¶14} Husband testified that his attorney faxed a letter to Wife's attorney requesting that she speak with Wife and advise Husband's attorney when Husband could obtain "the items he inherited or received from his parents." No items were identified with specificity. The letter was faxed almost eight months after the divorce decree was issued. Wife testified that she never saw Husband's attorney's request to her attorney, although she became aware of it. She testified that she was caring for her ill mother at the time so her attention was focused elsewhere.

{¶15} Husband's attorney questioned Wife at great length regarding whether certain items on an appraisal list originally generated for purposes of the divorce were in Wife's possession before she vacated her home. Although Wife admitted that several of those items were in her possession, she testified that they were not items inherited or received by Husband from his parents. In fact, Wife testified that, with the exception of some tools, Husband procured all of the items identified during the hearing after stealing or otherwise receiving them during his previous employment with a railroad.

{¶16} Wife admitted that she had only some tools that Husband received from his father in her possession when she vacated her home before it was to be auctioned after a foreclosure. Wife testified that she moved out of the home in late October 2009, that she visited the home on November 11, 2009, and that the auction occurred on November 18, 2009. She testified that she left items, including marital property, in the home and that she asked her daughter to attempt to get a message to Husband through his mother. She testified that everything she left was still in the house and garage when she visited on November 11, 2009. Husband admitted that he entered the home around November 18, 2009, with a deputy sheriff and was able to retrieve "whatever [he] wanted."

{¶17} Husband failed to present clear and convincing evidence that Wife knowingly violated the provision in the parties' separation agreement awarding possession to Husband of any items he inherited or received from his parents. Before a party may be held in contempt for disobeying a court order, the prior order "'must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him.'" *Collette v. Collette*, 9th Dist. No. 20423, 2001 WL 986209 (Aug. 22, 2001). No list enumerated the items Husband allegedly received from his parents.

Wife believed she had retained in her possession only some tools which fit into that category of items. Wife left those items, and others, in her home when she moved prior to the foreclosure sale. Wife had her daughter attempt to get a message to Husband about the items left in the house and garage prior to the sale. Husband admitted that he entered the home with a deputy sheriff around November 18, 2009, and took whatever he wanted and that he regained possession of some of his items. He did not identify which particular items he did not recover. The domestic relations court erred when it found Wife in contempt based on the evidence adduced at trial. Wife's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY SENTENCING LAURA ZEMLA TO THIRTY DAYS IN JAIL IN ADDITION TO CREDITING MICHAEL ZEMLA'S SPOUSAL SUPPORT OBLIGATION IN THE AMOUNT OF $1000.00 AS SAID FINDING WAS INEQUITABLE, UNJUST, AGAINST PUBLIC POLICY AND CONTRARY TO LAW.

**{¶18}** Wife argues that the domestic relations court erred in the imposition of contempt sentence. Because this Court's resolution of the first assignment of error is dispositive, we decline to address the second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

**{¶19}** Although we decline to address the substantive merits of this assignment of error, we would remind the domestic relations court of the need for thoughtful consideration of the matters before it. Where a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review. *See In re Albery*, 4th Dist. No. 05CA12, 2005-Ohio-6529, ¶ 1. In this case, consideration of the nature of individual items remaining in Wife's possession was fundamental to the determination of the issue before the court. Without a determination that the items at issue were inherited or received

by Husband from his parents, Husband could not have prevailed on his motion. Accordingly, the domestic relations court was required to take the time reasonably necessary to reach a determination on that issue.

### III.

**{¶20}** Wife's first assignment of error is sustained. We decline to address the second assignment of error. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY</u>.

<u>APPEARANCES:</u>

ROSANNE K. SHRINER, Attorney at Law, for Appellant.

MICHAEL ZEMLA, pro se, Appellee.