[Cite as *Pastor v. Pastor*, 2013-Ohio-4174.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BRIAN PASTOR

    Appellant

    v.

TONYA PASTOR

    Appellee

C.A. No.     26789

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2011-04-0998

DECISION AND JOURNAL ENTRY

Dated: September 25, 2013

HENSAL, Judge.

{¶1}    Brian Pastor appeals a judgment of the Summit County common pleas court, domestic relations division, denying his motion to show cause. For the following reasons, this Court affirms.

I.

{¶2}    Brian and Tonya Pastor divorced in August 2011. They have two minor children. Under the terms of their separation agreement, Father received the martial residence, but Mother was allowed to stay in it until July 2012. Under their original shared parenting plan, both parties were designated as residential parents. Because the parties wanted their children to remain in the same school district, the agreement provided that "[f]or school purposes only, the children's residence shall not be changed * * * without obtaining a modified parenting time order * * * or the written permission of the other party." Regarding the children's physical living arrangements, the agreement provided that Father would have the children on Tuesday nights,

every Sunday for four hours, every other weekend, and "[a]t such other times as the parties may agree." It provided that Mother would have the children "[a]t all other times."

{¶3} In August 2012, the court entered an "Agreed Order" that amended the shared parenting plan. It provided that the children would remain in the same school district, but that, since Mother had moved out of the marital residence and Father had moved in, "the minor children shall reside primarily, for school purposes, with [Father]." The order also provided that "[c]ompanionship time between [Mother] and the minor children shall be as agreed upon between the parties. Except as stated herein, the parties' Shared Parenting Plan * * * shall remain in full force and effect."

{¶4} In September 2012, Father filed a motion to show cause, alleging that Mother was not complying with the terms of their modified shared parenting plan and that she was continuing to adhere to the original parenting time schedule. He argued that, under the terms of the "Agreed Order," because he was now living at the marital residence, the children should reside primarily with him. Following a hearing, a magistrate ruled in Father's favor. She found Mother in contempt of court, and ordered her to pay Father's attorney fees. The trial court, however, sustained Mother's objections to the magistrate's decision. It determined that the purpose of the Agreed Order was to clarify that the children would remain in the same school district despite Mother's move out of the marital residence. It determined that the Agreed Order did not change any other aspects of the shared parenting plan and, therefore, it denied the motion to show cause. Father has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS CONSTRUCTION OF THE AGREED ORDER FILED AUGUST 17, 2012.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION
FOR CONTEMPT.

{¶5}   Father argues that the trial court incorrectly construed the language of the Agreed Order and, thus, incorrectly denied his motion to show cause. According to him, the language in the order indicating that Mother's "[c]ompanionship * * * shall be as agreed upon between the parties" means that he is now the primary residential parent of the children and that the only time that Mother has parenting time is when they are able to agree. He alleges that Mother abided by the new terms until he moved to terminate his child support obligation based on his status as the primary caregiver. He argues that the magistrate correctly determined that Mother should be held in contempt for violating the language of the Agreed Order, and that the trial court's decision should be reversed.

{¶6}   "This Court reviews contempt proceedings for an abuse of discretion." *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. An abuse of discretion implies that "the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 11. The party seeking to hold the other in contempt bears the burden of proving the other's failure to comply with an order of the court. *Id.* "Once the movant proves [his] prima facie case, the contemnor must present evidence of [his] inability to comply with the order or any other available defense." *Id.* "[If] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely within the discretion of the trial court * * *." *Akin v. Akin*, 9th Dist. Summit

Nos. 25524 & 25543, 2011-Ohio-2765, ¶ 44, quoting *Thomarios v. Thomarios*, 9th Dist. Summit No. 14232, 1990 WL 1777, *2 (Jan. 10, 1990).

{¶7} A shared parenting plan is a contract. *See Boldt v. Boldt*, 9th Dist. Summit No. 18736, 1998 WL 852717, *3 (Dec. 9, 1998). In interpreting and enforcing provisions of a shared parenting plan, therefore, a court must follow the rules of contract construction and interpret it "so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of the syllabus. If the terms in a shared parenting plan are unambiguous, then the words must be given their plain, ordinary, and common meaning. *See Forstner v. Forstner*, 68 Ohio App.3d 367, 372 (11th Dist.1990). Because the construction of written contracts is a matter of law, this Court reviews the meaning of the shared parenting plan de novo. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus.

{¶8} The original shared parenting plan called for the children to reside with Mother the majority of the time, even though the parties knew that she would only be allowed to stay in the marital home until July 2012. Paragraph one of the Agreed Order specifies that the children will remain in their current school district. Paragraph two indicates that, since Mother is moving out of the marital residence, the children "shall reside primarily, for school purposes, with [Father]." The final paragraph provides that "[c]ompanionship time between [Mother] and the minor children shall be as agreed upon between the parties. Except as stated herein, the parties' Shared Parenting Plan * * * shall remain in full force and effect."

{¶9} Upon review of the record, we conclude that the Agreed Order is ambiguous. There are two ways to construe the order. The first is Father's interpretation. According to Father, the Agreed Order implemented a significant change to the parties' rights and

responsibilities. It recognizes that, because the parties want the children to remain in the same school district, they will, hereafter, spend most of their time with Father. That is what is meant by that language in paragraph two that the children "shall reside primarily, for school purposes, with [Father]." Mother's companionship time, meanwhile, instead of being on a set schedule like Father's was under the original plan, will be determined by the agreement of the parties. Finally, the second sentence of paragraph three merely indicates that all the other sections of the shared parenting plan, addressing issues such as holidays, discipline, and medical treatment will remain in effect and unaltered.

{¶10} On the other hand, another reasonable interpretation of the contract is that the Agreed Order implemented only a slight change in the shared parenting plan. Under this interpretation, the language in paragraph two that indicates that the children will "reside primarily, for school purposes, with [Father]," was merely a technical change to clarify that, even though Mother had moved to another city, the children would remain in the same school district. The first sentence of paragraph three, meanwhile, clarifies that Mother's parenting time has not changed, but, rather, continues as had previously been "agreed upon between the parties" in the shared parenting plan. Emphasizing the fact that, despite Father's designation as the primary residential parent for school purposes, the remainder of the agreement is unchanged, the second sentence of the third paragraph repeats that the shared parenting plan "shall remain in full force and effect."

{¶11} It is not necessary for this Court to determine which interpretation of the Agreed Order is correct. In light of the ambiguity of the order, we conclude that the trial court did not abuse its discretion when it determined that Mother should not be held in contempt for violating it. Father's assignments of error are overruled.

III.

{¶12} In light of the ambiguity of the parties' agreement, the trial court exercised proper discretion when it denied Father's motion to show cause. The judgment of the Summit County common pleas court, domestic relations division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶13} I respectfully dissent, as I would not find the parties' agreed order regarding parenting time ambiguous. The agreement provides:

1. The minor children * * * shall remain in Twinsburg Schools pursuant to the parties' Decree of Divorce and Shared Parenting Plan dated August 9, 2011.

2. Due to the fact that Defendant, Tonya Pastor, has relocated from the marital residence and Plaintiff is now residing in the marital residence, the minor children shall reside primarily, for school purposes, with Plaintiff.

3. *Companionship time between the Defendant and the minor children shall be as agreed upon between the parties. Except as stated herein, the parties' Shared Parenting Plan of August 9, 2011 shall remain in full force and effect.*

(Emphasis added).

{¶14} According to the testimony at the October 29, 2012 evidentiary hearing, Mother moved out of the marital residence and to Parma on July 1, 2012. On July 2, 2012, Father moved into the marital residence and the children resided with him the majority of the time.

{¶15} On August 17, 2012, right before the new school year started, the parties agreed to modify their original shared parenting agreement to name father as the residential parent for school purposes so the children could continue to attend the Twinsburg School District. At the time of the modification, Mother lived in Parma, worked two jobs and was unable to pick up the children from school during the week. She continued to work the two jobs until sometime in September when Father filed a motion to terminate child support due the children residing primarily with him. After Mother quit her second job, she began to pick up the children after school, keep them overnight and drive them to school the next day.

{¶16} According to the terms of the agreed order, Father was named the residential parent for school purposes, Mother was to be given parenting time as the parties agreed, and the

remainder of the prior shared parenting agreement was to remain in place. The agreement is clear and is consistent with the parties' living and working arrangements at the time of the modification. The agreed order reflects the parties' intent to maintain the prior shared parenting agreement only as far as it did not conflict with the new provisions in the agreed order. Accordingly, I would reverse the trial court's judgment and remand for further proceedings.

APPEARANCES:

MORA LOWRY and KENNETH L. GIBSON, Attorneys at Law, for Appellant.

DAVID M. LENEGHAN, Attorney at Law, for Appellee.