[Cite as *Pitts v. Sibert*, 2015-Ohio-3020.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

CAROL SUE PITTS, INDIVIDUALLY
AND AS TRUSTEE OF THE JAMES
STANFORD SIBERT REV. TRUST

C.A. No. 27345

     Appellant

v.

RANDAL J. SIBERT aka RANDY
SIBERT, et al.

     Appellees

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. 2012 CV 17

DECISION AND JOURNAL ENTRY

Dated: July 29, 2015

---

MOORE, Judge.

{¶1} Plaintiff, Carol Sue Pitts, individually and as trustee of the James Stanford Sibert Revocable Trust, appeals from the judgment of the Summit County Probate Court. This Court affirms in part, reverses in part, and remands this matter for further proceedings consistent with this decision.

I.

{¶2} In 2012, Ms. Pitts, individually and as trustee of the revocable trust of her father, James Sibert ("Father"), filed a complaint in the trial court against her brother, Randall Sibert, and his wife, Joy Sibert (collectively "the Siberts"). Ms. Pitts alleged that, during all relevant times, she resided in Stark County, Ohio, and the Siberts resided in Tarrant County, Texas. Ms. Pitts maintained that Father had resided in Summit County, Ohio, where he owned certain real property. Ms. Pitts claimed that, during the time he resided in Ohio, Father created a revocable

trust, naming himself trustee, and naming her and her brother as successor trustees, and that Father transferred assets and certain Ohio real property into the trust. Ms. Pitts alleged that Father modified the trust in 2005, appointing her as the first successor trustee, and removing her brother as a successor trustee. Subsequently, Father moved to Texas to reside with the Siberts. After moving, Father executed a quit-claim deed transferring the Ohio real property to the Siberts, and he purportedly executed a will naming Mr. Sibert as the sole beneficiary and specifically disclaiming any bequests to Ms. Pitts. Ms. Pitts claimed that Father, at the time he executed his will, was in a weakened state, relied on the Siberts for his everyday needs, and the Siberts took advantage of him and exerted undue influence upon him to execute the deed and will, and to modify or revoke the trust. Ms. Pitts claimed that, after Father's death, the Siberts probated Father's will in Texas. Ms. Pitts asserted claims for undue influence, declaratory judgment, "[f]raud/[d]eception/[c]onversion[,]" breach of fiduciary duty, and unjust enrichment.

{¶3} The Siberts answered the complaint and counterclaimed for declaratory judgment. Thereafter, the Siberts voluntarily dismissed their counterclaim, and they moved for summary judgment in their favor on Ms. Pitts' claims. The trial court granted the motion in part, concluding that questions of fact still remained only on Ms. Pitts' claims of undue influence and declaratory judgment insofar as these claims pertained to Father's inter vivos gifts to the Siberts. Thereafter, the Siberts moved the court to dismiss Ms. Pitts' claims pertaining to the inter vivos gifts on the basis that she lacked standing and that the trial court lacked jurisdiction. The trial court granted the motion to dismiss.

{¶4} Ms. Pitts appealed, and she now raises three assignments of error for our review. We have reordered the second and third assignments of error to facilitate our discussion.

3

## II.

## <u>ASSIGNMENT OF ERROR I</u>

THE TRIAL COURT COMMITTED ERROR BY GRANTING PARTIAL SUMMARY JUDGMENT TO [THE SIBERTS] FINDING THE 2000 JAMES STANFORD SIBERT REVOCABLE LIVING "TRUST FAILS BECAUSE ITS TERMS CANNOT BE ASCERTAINED[.]"

{¶5}　　In her first assignment of error, Ms. Pitts argues that the trial court erred when, in granting partial summary judgment to the Siberts, it determined that no question of fact existed as to whether Ms. Pitts could establish the beneficiaries or other terms of the trust.

{¶6}　　We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶7}　　Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶8} Civ.R. 56(E) provides that affidavits submitted in support of, or in opposition to, motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶9} Here, Ms. Pitts argues that the trial court erred in concluding that the summary judgment evidence presented did not establish a triable issue as to the terms and beneficiaries of the trust, and that such a trust failed.[1] We confine our review accordingly.

{¶10} "In Ohio, '[e]xpress trusts arise by a manifested intent, either written or oral, to create a trust.'" *Hudson Presbyterian Church v. Eastminster Presbytery*, 9th Dist. Summit No. 24279, 2009-Ohio-446, ¶ 24, quoting *Levens Corp. v. Aberth*, 9th Dist. Summit No. 15661, 1993 WL 28574, *6 (Feb. 10, 1993).

> [T]o constitute an express trust there must be an explicit declaration of trust, * * * accompanied with an intention to create a trust, followed by an actual conveyance or transfer of lawful, definite property or estate or interest, made by a person capable of making a transfer thereof, for a definite term, vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied; or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intent to hold for the use of another.

*Hudson Presbyterian Church* at ¶ 24, quoting *Hatch v. Lallo*, 9th Dist. No. 20642, 2002 WL 462862, *1, 2002-Ohio-1376 (Mar. 27, 2002), quoting *Ulmer v. Fulton*, 129 Ohio St. 323, 339-340 (1935).

---

[1] This determination served as the basis for the grant of summary judgment in favor of the Siberts on Ms. Pitts' undue influence and declaratory judgment claims insofar as these claims pertained to the purported trust. Ms. Pitts does not assign as error, and does not present a developed argument challenging the trial court's grant of summary in favor of the Siberts on her claims for fraud, breach of fiduciary duty, and unjust enrichment. Therefore, this Court does not address the propriety of summary judgment on these claims.

{¶11} "[T]he one for whose benefit the trust is created is called the cestui que trust, or beneficiary." *Ulmer* at 339. An intended trust fails where the beneficiaries are not ascertainable. *See Moskowitz v. Federman,* 72 Ohio App. 149, 156 (9th Dist.1943). The existence of a trust must be shown by clear and convincing evidence. *Hatch* at *1, citing *Gertz v. Dorley*, 63 Ohio App.3d 235, 237 (9th Dist.1989). The burden is on the proponent of the trust to prove the existence, terms, and conditions of the trust. *See Thomas v. Thomas*, 108 Ohio App. 193, 198 (3d Dist.1958), citing *Harvey v. Gardner*, 41 Ohio St. 642, 646 (1885).

{¶12} In their motion for summary judgment, the Siberts maintained that Ms. Pitts could not establish the terms or beneficiaries of the purported trust. In support, they pointed to Ms. Pitts' deposition, wherein she acknowledged that she did not possess either a signed 2000 trust declaration or a signed 2005 modification to the trust. Instead, her purported proof the trust existed consisted of the documents attached to her complaint: two certificates of trust, a letter from a bank pertaining to the trust, and a quit claim deed from 2000, in which Father conveyed the Ohio real property to Father as trustee for the trust. The Siberts maintained that none of these documents contained the full terms, or any of the beneficiaries, of the purported trust.

{¶13} In response, Ms. Pitts presented the affidavits of Kristi Vetri and Carrie Thrasher. Ms. Pitts maintained that these affidavits established the terms of the trust. In her affidavit, Ms. Vetri, an attorney located in Illinois, maintained that she made her averments "based on [her] personal knowledge after reviewing files in [her] possession." Ms. Vetri maintained that Association Law Office ("Association") was the custodian of files for Group Legal Services ("GLS"), and Association provided back office support for the attorneys with whom GLS contracted. She noted that Association gathered information for GLS attorneys to provide estate plans to GLS members. Ms. Vetri averred that she "was responsible for the oversight and

supervision of Association Law Office Employees and the GLS member attorney files." Ms. Vetri maintained that, in 2000, Father became a GLS "member" and was assigned to an Ohio attorney. She maintained that Father's final "documents" were sent to the Ohio attorney on June 24, 2000, and Father signed these documents on June 29, 2000.

{¶14} Ms. Vetri further averred that Father again contacted Association in 2005 requesting alterations to his estate planning documents, including his trust. She maintained that she had "reviewed the file concerning [Father]'s 2005 estate planning, and [she was] familiar with these matters." Father spoke with an employee, who was no longer with Association, named Ms. Robinson. Ms. Robinson took handwritten notes indicating that Father wanted to remove Mr. Sibert as a beneficiary and trustee of the trust and to add Ms. Pitts in his place. Ms. Vetri attached what she maintained was an accurate copy of Ms. Robinson's handwritten notes to the affidavit. She also attached what she averred was an accurate copy of a letter that Ms. Robinson sent to Father, which explained the changes that he had requested, and a change request form. Ms. Vetri averred that Association prepared new estate documents, which were sent to Father on April 4, 2005. Included was a "First Amendment to the James Stanford Sibert Revocable Living Trust dated June 29, 2000[.]" Ms. Vetri attached what she maintained was an accurate copy of the amendment to her affidavit. Ms. Vetri averred that Father signed the amendment on April 27, 2005; although the copy of the amendment attached to the affidavit is unsigned.

{¶15} In Ms. Thrasher's affidavit, she averred that she and her husband were close friends with Father. She maintained that Father had spoken with her about Ms. Pitts and Mr. Sibert, and about his wishes for his estate after his death. She recalled that he often relayed to her that he wanted all of his money to go to Ms. Pitts upon his death, and he did not want his son

to receive anything. Ms. Thrasher maintained that, around 2005, she signed "legal paperwork" as a witness for Father, who told her that he had this paperwork prepared in order to leave all of his money to Ms. Pitts upon his death.

{¶16} In their reply in support of summary judgment, the Siberts maintained, in part, that Ms. Vetri's and Ms. Thrasher's affidavits were not proper summary judgment evidence because the affiants lacked personal knowledge and their affidavits contained inadmissible hearsay, and thus should not be considered due to noncompliance with Civ.R. 56(E).

{¶17} In ruling on the motion for summary judgment, the court determined:

> Here, there is no signed trust document. Instead, there are inferences to a 2000 trust by way of a Certificate of Trust, an account titled in the name of the purported trust, and real estate that was previously titled in the name of the purported trust. Only the Certificate of Trust arguably contains some indicia of the terms of the purported trust, but it fails to identify the beneficiaries. As such, in the absence of a written signed trust agreement, the Court is left with mere speculation as to the terms of the trust and other essential elements. Therefore the purported 2000 trust fails because its terms cannot be ascertained, and summary judgment on this issue is appropriate.

{¶18} In making this determination, the trial court did not reference the Thrasher or Vetri affidavits, or in any way discuss the arguments pertaining to these affidavits that were raised in the Siberts' reply in support of summary judgment.

{¶19} On appeal, Ms. Pitts argues that the trial court erred in concluding that the terms and beneficiaries of the trust could not be ascertained, and she directs this Court to Ms. Vetri's and Ms. Thrasher's affidavits. In their brief, the Siberts again maintain that the affidavits were improper summary judgment evidence because the affiants lacked personal knowledge, and the affidavits contained hearsay.

{¶20} From our reading of the trial court's discussion of the trust, and due to the absence of any reference to the affidavits, we cannot determine whether the trial court agreed with the

argument that the Siberts raised in their reply in support of summary judgment: that the affidavits were improper summary judgment evidence, or if the trial court considered the affidavits, but based its decision on the absence of a signed trust declaration, which was not supplied with the affidavits.

{¶21} "This Court has recognized that, '[if] a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review.'" *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013-Ohio-3567, ¶ 11, quoting *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 19. *See also Murray v. David Moore Builders, Inc.*, 9th Dist. Summit No. 23257, 2006-Ohio-6751, ¶ 8-10; *MSRK, L.L.C. v. Twinsburg*, 9th Dist. Summit No. 24949, 2012-Ohio-2608, ¶ 10. Ms. Pitts' arguments in her first assignment of error rely heavily on the averments contained in, and documents attached to, these affidavits. Because the trial court engaged in no analysis as to these affidavits or the arguments advanced by the Siberts challenging these affidavits, our review would be based upon our speculation of the trial court's reasoning pertaining to whether the affidavits should properly be considered. Therefore, we reverse the trial court's judgment and remand the matter "so that the trial court can create an entry sufficient to permit appellate review." *See MSRK, L.L.C.* at ¶ 10. Specifically, upon remand, the trial court is instructed to determine whether these affidavits were proper to consider in ruling on summary judgment, and its basis for that determination.

{¶22} To the extent set forth above, we sustain Ms. Pitts' first assignment of error.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED ERROR BY DISMISSING [MS. PITTS'] CASE FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION.

{¶23} In her third assignment of error, Ms. Pitts argues that the trial court erred in dismissing her claims pertaining to the inter vivos gifts for lack of standing and subject matter jurisdiction.

{¶24} Following the trial court's partial grant of summary judgment, the only claims remaining were Ms. Pitts' undue influence and declaratory judgment claims, insofar as these claims pertained to Father's inter vivos gifts to the Siberts. In light of the trial court's determination that Ms. Pitts could not prove the existence of the trust, the Siberts filed a "motion to dismiss" the remaining claims, partly on the basis that Ms. Pitts lacked standing to challenge the inter vivos gifts, and the trial court lacked jurisdiction. The trial court agreed, concluding that, in regard to standing, Ms. Pitts could not improve her position if she prevailed, because, in such a case, the gifts would revert back to the estate, of which Mr. Sibert was the sole beneficiary. The trial court also determined that it lacked jurisdiction over the claims pertaining to the inter vivos gifts because, if the gifts were to revert, they would not revert to any underlying Ohio estate, and instead would revert the estate being administered in Texas. Therefore, the trial court's sole basis for its determinations pertaining to standing and jurisdiction turned upon the reversion of the gifts to the Texas estate, which was based on its conclusion that Ms. Pitts could not prove the essential terms of the trust in her present action.

{¶25} Because we concluded in our discussion of the first assignment of error that this matter must be remanded for clarification on the issue of the affidavits submitted in support of the trust, it is premature to review the trial court's subsequent ruling to dismiss the claims pertaining to the inter vivos gifts, which may be dependent upon the failure of the trust. Accordingly, we do not reach the merits of the third assignment of error.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED ERROR BY DISMISSING [MS. PITTS']
UNDUE INFLUENCE CLAIMS WITH REGARD TO THE TRANSFER OF
TRUST ASSETS TO [THE SIBERTS][.]

**{¶26}** In her second assignment of error, Ms. Pitts argues that the trial court erred in dismissing her undue influence claims.

**{¶27}** Insofar as the undue influence claims pertained to the will, the trial court determined that an action challenging the will was required to be filed in Texas pursuant to R.C. 2107.48. Ms. Pitts makes no discernible challenge to this determination on appeal, and we decline to construct an argument on her behalf. *See* App.R. 16(A)(7). Accordingly, to the extent that Ms. Pitts challenges the court's grant of summary judgment to the Siberts on the undue influence claims in regard to the will, her second assignment of error is overruled.

**{¶28}** To the extent that Ms. Pitts' undue influence claims pertained to the inter vivos gifts and the alleged modification or revocation of the purported trust, we conclude that our review is premature. The trial court granted summary judgment to the Siberts on the claims pertaining to the trust on the basis of its determination that the terms of the trust could not be established, as we discussed in response to Ms. Pitts' first assignment of error. As we discussed in response to Ms. Pitts' third assignment of error, the trial court dismissed the undue influence claims pertaining to the inter vivos gifts due to the lack of standing and subject matter jurisdiction, and these determinations were also predicated upon the court's determination that Ms. Pitts could not establish the terms of the trust. Accordingly, given our disposition of the first assignment of error, our review of the undue influence claims insofar as these claims pertain to the alleged trust and the inter vivos gifts, is premature. To that extent, we do no reach the merits of Ms. Pitts' second assignment of error.

III.

**{¶29}** Ms. Pitts' first assignment of error is sustained. Ms. Pitts' second assignment of error is overruled to the extent that she challenges the trial court's dismissal of her undue influence claims pertaining to the will. The remainder of Ms. Pitts' second assignment of error, and her third assignment of error, are not yet ripe for review. The judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

ANDY A. GINELLA, Attorney at Law, for Appellant.

STEPHAN R. WRIGHT, Attorney at Law, for Appellee.