**[Cite as *Kneebusch v. Kneebusch*, 2026-Ohio-1705.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| JANET KNEEBUSCH | C.A. No. 2025CA0045-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEREMY KNEEBUSCH | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2023CIV081 |

DECISION AND JOURNAL ENTRY

Dated: May 11, 2026

SUTTON, Judge.

{¶1} Appellant Jeremy Kneebusch appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court reverses and remands for further proceedings.

I.

**Relevant Background**

{¶2} This appeal arises from Mr. Kneebusch's 2013 purchase of real property located in Medina, Ohio. At that time, Mr. Kneebusch's parents, Janet Kneebusch, and Jeffrey Kneebusch now deceased, were undergoing financial difficulties and could not secure a mortgage to purchase a home. Mr. Kneebusch secured the mortgage note in his name and his parents lived in the home. Mrs. Kneebusch and her husband provided the downpayment for the purchase of the home and paid the principal, interest, escrow, and other expenses of upkeep and maintenance on the home. The Warranty Deed for the property is in Mr. Kneebusch's name alone.

{¶3} On November 7, 2023, Mrs. Kneebusch filed a complaint against her son alleging his refusal to transfer title to the property to her name. The complaint alleged two counts: (1) anticipatory breach of an oral agreement; and (2) unjust enrichment. Mr. Kneebusch filed an answer and counterclaim. In his counterclaim, Mr. Kneebusch alleged three claims for relief and asked the trial court: (1) to quiet title to the property as he is the sole, fee simple owner of the property; (2) to declare his interests in the property are superior to those of Mrs. Kneebusch and declare Mrs. Kneebusch's interest in the property is void or voidable; and (3) to award him damages based upon the theories of unjust enrichment and quantum meruit.

{¶4} Subsequent to a period of discovery, Mrs. Kneebusch filed a motion for summary judgment against Mr. Kneebusch on her complaint and his counterclaim. In her motion, Mrs. Kneebusch argued: (1) the property is held in a resulting trust by Mr. Kneebusch for the benefit of Mrs. Kneebusch; and (2) even if a resulting trust did not exist, a constructive trust should be imposed because Mr. Kneebusch would be unjustly enriched as a result of being able to retain title to the property.

{¶5} Mr. Kneebusch filed a response in opposition to Mrs. Kneebusch's motion for summary judgment alleging there are two versions of events which may have transpired at the time Mr. Kneebusch purchased the property. Mr. Kneebusch alleged, prior to purchasing the property, he and his father had conversations that Mrs. Kneebusch was not a party to, wherein his father asked Mr. Kneebusch to purchase the property to be his and Mrs. Kneebusch's primary residence, for which they would pay the mortgage, utilities, insurance, and taxes, in lieu of monthly rent to Mr. Kneebusch. In exchange for this agreement, Mr. Kneebusch would own the property and hold it as a long-term investment that he could sell for a future gain. Mr. Kneebusch denied Mrs. Kneebusch's argument that he bought the property "out of the goodness of his heart[.]" Mr.

Kneebusch further argued any anticipatory breach of an oral contract was barred by the statute of frauds and there were genuine issues of material fact relating to whether a resulting or constructive trust was created to benefit Mrs. Kneebusch.

{¶6} The trial court issued a judgment entry granting Mrs. Kneebusch's motion for summary judgment. In citing Civ.R. 56(C), the trial court indicated, in relevant part, it, "considered all of the evidence" and "construed the evidence in this matter in a light most favorable to [] [Mr. Kneebusch[.]" In so doing, the trial court determined "that reasonable minds can come but to one conclusion, that there are no genuine issues of material fact and that [] [Mrs. Kneebusch] is entitled to judgment as a matter of law." The trial court then ordered, without any analysis:

1. [Mr. Kneebusch] is decreed to be the trustee of the property [] and holds the [p]roperty for the benefit of [Mrs. Kneebusch].

2. [Mr. Kneebusch] convey fee simple title of the [p]roperty to [Mrs. Kneebusch] within [30] days of payment of the [n]ote dated March 18, 2013[,] in full.

3. [Mr. Kneebusch's [c]ounterclaim is dismissed in its entirety.

{¶7} Mr. Kneebusch appealed raising three assignments of error for our review.

I.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT'S SUMMARY JUDGMENT ENTRY LACKS SUFFICIENT DETAIL TO FACILITATE APPELLATE REVIEW.**

{¶8} In his first assignment of error, Mr. Kneebusch argues the trial court's summary judgment entry lacks sufficient detail to facilitate appellate review. For the following reasons, we agree.

{¶9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving

party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. at 292-293. Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E)

{¶10} Here, the trial court's entry granting summary judgment in favor of Mrs. Kneebusch contains one reference to the Civ.R. 56(C) standard. However, the entry contains no analysis whatsoever as to how it reached its decision to decree Mr. Kneebusch the trustee of the property, and order title to the property transferred to Mrs. Kneebusch, in light of the parties' competing factual and legal theories of the case. This Court, in essence, would have to create an analysis in order to review it. Indeed, "[w]here a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review." *Zemla v. Zemla*, 2012-Ohio-2829, ¶ 19 (9th Dist.). *See also Mourton v. Finn*, 2012-Ohio-3341, ¶ 9 (9th Dist.) ("Practically speaking, if a trial court does not set forth any analysis, the parties may just as well file their summary judgment motions in this Court."). *See Steven A. Ettinger, Inc. v. Kramer*, 2021-Ohio-2219, ¶ 17 (9th Dist.) ("This Court, therefore, reverses and remands the matter so that the trial court can set forth an analysis that permits our review.").

{¶11} Accordingly, because the trial court's judgment entry does not provide any analysis regarding the parties' respective arguments as set forth in their pleadings and briefs, Mr. Kneebusch's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT DESPITE THE DISPUTED ISSUES OF FACT ESTABLISHED IN THE RECORD.**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY JUDICIALLY IMPOSING AN IMPLIED TRUST WITHOUT APPLYING THE CLEAR AND CONVINCING EVIDENCE STANDARD.**

{¶12} In his second and third assignments of error, Mr. Kneebusch argues the trial court erred in granting summary judgment in favor of Mrs. Kneebusch in spite of disputed issues of fact established in the record and in imposing an implied trust without applying the clear and convincing evidence standard.

{¶13} Based upon our resolution of Mr. Kneebusch's first assignment of error, however, Mr. Kneebusch's second and third assignments of error are premature and we decline to address them.

III.

{¶14} Mr. Kneebusch's first assignment of error is sustained. Mr. Kneebusch's second and third assignments of error are premature. The judgment of the Medina County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
<u>CONCURS.</u>

STEVENSON, J.
<u>CONCURRING.</u>

{¶15} I respectfully concur in the majority's judgment and write separately to recognize the tension between Civ.R. 52 and our cases such as *Zemla v Zemla*, 2012-Ohio-2829, ¶ 19 (9th Dist.) that require a trial court to create an entry sufficient for appellate review. While the parties do not raise the issue of Civ.R. 52, trial courts can look towards the rule in considering their requirements when ruling on motions. Civ.R. 52 considers when findings of fact and conclusions of law must be made by a trial court and states in part that "[f]indings of fact and conclusions of

law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56." A trial court could fairly review this rule and conclude that it is not required to prepare a detailed entry when denying a summary judgment motion.

{¶16} As the majority notes, we have also stated that if the trial court's judgment is not sufficiently detailed, a reviewing court may be left in the untenable position of being unable to provide meaningful review. *Zemla* at ¶ 19. In line with this determination, we have reversed a trial court's grant of summary judgment "'so that the trial court can create an entry sufficient to permit appellate review.'" *Pitts v. Sibert,* 2015-Ohio-3020, ¶ 21 (9th Dist.), quoting *MSRK, L.L.C. v. Twinsburg,* 2012-Ohio-2608, ¶ 10 (9th Dist.).

{¶17} This Court is mindful of the heavy docket faced by trial courts in this district and does not want to unnecessarily add to their workload. With the record before this Court, however, it is impossible to determine why the trial court granted the motion for summary judgment. Such a complete absence of rationale precludes any meaningful review by this Court. *See Zemla* at ¶ 19. Given the parties' arguments, it is conceivable that the trial court could have relied upon any number of theories to reach its result. If we were to review the arguments of the parties on appeal and make our own determination of the merits of the summary judgment motion, we would not be performing *appellate* review. Instead we would be making that determination in the first instance. Ohio law provides for appellate review because all judges, or a panel of judges, are not infallible. Only a small percentage of appeals from this court are accepted for review by the Supreme Court, and there is no guarantee any case will be accepted. We must ensure that each party has an opportunity for meaningful appellate review in appeals before us. While there may be instances that do not require detailed entries denying a motion under Civ.R. 52, a case such as this with

contested facts and alternate theories of resolution is not one of them. In these types of cases, the tension between Civ.R. 52's omission of detailed trial court analysis must yield to the need for meaningful appellate review. Accordingly, I concur with the majority's opinion in this case.

APPEARANCES:

PAUL W. FLOWERS, Attorney at Law, for Appellant.

CHRISTINE M. COOPER, Attorney at Law, for Appellee.